## LONG v. HOWARD.

Tender: MUST BE KEPT GOOD: REPLEVIN. In an action of replevin for a wagon claimed by the defendant under a chattel mortgage, evidence that the plaintiff before bringing the suit tendered the amount due defendant on his mortgage, without showing a continued readiness and offer to pay and the presence of the money in court, is insufficient to sustain the action.

*Appeal from Polk District Court.*

THURSDAY, SEPTEMBER 19.

ACTION of replevin of two horses, one halter, and one two-horse wagon. The plaintiff claims the property as owner thereof. The defendant claims it in virtue of a chattel mortgage executed thereon to secure the price of the wagon, purchased by plaintiff from defendant. Jury trial. Verdict for plaintiff. Defendant appeals. The necessary facts are stated in the opinion.

*Bentley & Williams* for the appellant.

*McHenry & Bowen* for the appellee.

DAY, J. — Upon the trial there was evidence tending to show that the plaintiff, before the property was taken from his possession under the chattel mortgage, offered to defendant a sum, which, in connection with the value of certain labor performed for defendant, and which was to be applied toward the payment for the wagon, equaled the amount due on the purchase, and that defendant refused to receive it. The court gave the following instruction : " If the plaintiff was owing the defendant for said property, and the chattel mortgage was given to secure the payment therefor ; and if you further find that the plaintiff, or some one for him, offered to pay and tendered to the defendant the pay for said property before defendant took possession of it, and he refused to receive the same, then you will find for the plaintiff."

The defendant excepted, and now assigns the giving of this instruction as error.

This instruction is erroneous in that it ignores the necessity of a continued readiness and offer to pay, and of the presence of the money in court, in order to constitute a valid tender. *Freeman* v. *Fleming*, 5 Iowa, 460. It may be conceded that the defendant wrongfully took the property into his possession if the debt was due, and the plaintiff offered to pay the amount thereof. But the rights of the parties are to be determined in this action, not from their status at the time the property was taken by defendant, but at the time the action of replevin was instituted. If defendant, after getting the property into his possession, had offered to return it to plaintiff upon payment of the amount due, and plaintiff had refused to accept it and make payment, it would not we apprehend be claimed that he could afterward maintain the action of replevin.

But in this action the plaintiff pleads a tender, and it devolved upon him to show that he had done every thing necessary to constitute a valid tender. It is not incumbent upon defendant to prove a refusal upon the part of plaintiff to maintain the tender. The plaintiff must show affirmatively that he has kept it good. A failure at any time to so maintain it, or to bring the money into court ready to be delivered to defendant if he would receive it, vitiates the tender from its inception, and places the plaintiff in the exact position he would have occupied if no tender had been made. We see no distinction in principle between this case and any other in which a tender is pleaded. A tender does not discharge the debt. If this judgment is sustained it accomplishes one of these results: It allows plaintiff to recover the property, and leaves the defendant at liberty immediately to take it from his possession, or it denies the defendant the right to the possession of the property and leaves his debt unsatisfied. There must be error in a judgment leading to either result. We deem it unnecessary to notice the other errors assigned.

Reversed.