J. I. CASE THRESHING MACHINE COMPANY, APPELLEE, V. FRED C. ROSSO, APPELLANT.

FILED JANUARY 5, 1907. No. 14,625.

**Replevin:** AFFIDAVIT. A writ of replevin issued without the filing of the affidavit required by section 182 of the code should, upon proper application, be set aside.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE.   *Reversed.*

*E. C. Calkins,* for appellant.

*O. A. Abbott* and *Warren Pratt, contra.*

JACKSON, C.

The action is one in replevin instituted in the district court.   No affidavit was filed.   The petition, in substance, recites the execution and delivery of a chattel mortgage on the property taken; contains a description of the property and of the notes secured thereby; that the plaintiff claimed a special interest in the property by virtue of the mortgage and was entitled to immediate possession of the same; that the property was of the value of $1,500; that the defendant wrongfully detained the same and refused to yield possession, although the indebtedness secured by the mortgage was then due and payable under the conditions of the mortgage; and the plaintiff claimed damages in the sum of $150.   Judgment was asked for the return of the goods and chattels, or for the value if the same were not returned, together with damages and costs.   The petition was positively verified.   The property was taken on a writ and delivered to the plaintiff, who had judgment in the district court, from which the defendant appeals.

Many assignments of error are presented, only one of which we deem it important to notice.   The defendant first appeared by motion to quash and set aside the order of replevin on the ground that no affidavit was filed in the case, as required by section 182 of the code.   This motion was overruled and proper exceptions taken.   The question was preserved by answer, and presented in the motion for a new trial, and is now assigned as error.   It is provided by section 182 of the code: "An order for the delivery of personal property to the plaintiff shall be made by the clerk of the court in which the action is brought, when there shall be filed in his office an affidavit of the plaintiff,

his agent, or attorney, showing: First. A description of the property claimed. Second. That the plaintiff is the owner of the property, or has a special ownership or interest therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the same. Third. That the property is wrongfully detained by the defendant. Fourth. That it was not taken in execution on any order or judgment against said plaintiff, or for the payment of any fine, tax, or amercement assessed against him, or by virtue of an order of delivery issued under this chapter, or any other mesne or final process issued against him; provided, that such affidavit may omit the first and last clause of this subdivision and in lieu thereof, show that the property was taken in execution on a judgment or order, other than an order of delivery in replevin, and that the same is exempt from such execution or attachment under the laws of this state." It is further provided by section 197 that: "Any order for the delivery of property issued under section one hundred and eighty-two, without the affidavit required thereby, shall be set aside at the cost of the clerk issuing the same, and such clerk, as well as the plaintiff, shall also be liable in damages to the party injured." Construing these sections of the code it was held in *Bardwell v. Stubbert*, 17 Neb. 485, that in replevin, where the object of the action is to obtain a delivery of the goods which it is claimed are wrongfully detained by the defendant, the filing of an affidavit setting forth substantially the facts required by the statute is a condition precedent to the order of delivery, and without it the order will be a nullity if issued. Such an affidavit, where required by the code, is an essential prerequisite to securing the order, and especially before a levy. *Westenberger v. Wheaton*, 8 Kan. 169; *Williams v. Gardner*, 22 Kan. 122; *Paul v. Hodges*, 26 Kan. 225; 20 Am. & Eng. Ency. Law (1st ed.), p. 1081.

It is argued, however, on behalf of the appellee that the petition itself, when properly verified, should be held to take the place of the affidavit. That question we do

not determine, because in no event could the petition be held to supply the want of an affidavit, unless the petition contained all that the plaintiff was required to set forth in an affidavit, and it will be observed that nowhere in the petition are those facts required to be stated under the fourth subdivision of section 182 to be found. But it is said that sufficient facts are stated from which an inference necessarily follows that the property was not taken from the plaintiff under any of the provisions of subdivision 4. A sufficient answer is that all the facts stated in the petition are necessary, in addition to the facts required by subdivision 4, and no exceptions are permitted except those designated in that subdivision.

It follows that the district court erred in refusing to quash the writ as required by section 197, and it is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

ALBERT, C., concurs.

DUFFIE, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.