RACINE-SATTLEY COMPANY, APPELLANT, V. JOHN MEINEN
ET AL., APPELLEES. *

FILED MAY 10, 1907. NO. 14,800.

Replevin: PETITION. Petition in replevin examined, and *held* insufficient to state a cause of action under the rule announced in *Case Threshing Machine Co. v. Rosso*, 78 Neb. 184.

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. *Affirmed.*

*O'Neill & Gilbert* and *C. L. Richards*, for appellant.

*O. H. Scott, M. H. Weiss* and *W. M. Morning, contra.*

OLDHAM, C.

This was an action in replevin instituted by the plaintiff Racine-Sattley Company in the district court for Thayer county, Nebraska, for the recovery of the possession of certain specific agricultural implements described in the petition. The petition alleged that the plaintiff was the owner of the property described under a contract of conditional sale with one John Meinen, and a copy of the contract was attached to the petition. It further alleged "that defendants wrongfully detained said goods and chattels from the possession of the plaintiff, and have detained same for four days, to plaintiff's damage in the sum of twenty-five ($25) dollars." The petition was sworn to by the attorney for the plaintiff company in the following language: "That he has read the foregoing petition, and that the facts and allegations therein are, as he believes, true." Defendants answered with a general denial. A jury was waived, trial had to the court, and judgment rendered dismissing plaintiff's petition, and finding for the defendants for a return of the goods with one cent damages, and costs. To reverse this judgment the plaintiff has appealed to this court.

---

* Rehearing allowed. See opinion, p. 33, *post.*

Racine-Sattley Co. v. Meinen.

There is no affidavit for replevin in the record, and, as the petition is not positively verified and omits all the allegations required in the fourth subdivision of section 182 of the code; the petition, under the recent holding of this court in *Case Threshing Machine Co. v. Rosso*, 78 Neb. 184, is wholly insufficient to sustain a judgment in plaintiff's favor.

We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed January 9, 1908. *Former judgment of affirmance vacated and judgment of district court reversed:*

1. Replevin: AFFIDAVIT. It is not essential to the maintenance of an action of replevin instituted in the district court that any affidavit of replevin as contemplated by section 182 of the code should be filed, nor that the facts required to be set forth in the affidavit under the fourth subdivision of section 182 should be embodied in the petition. It is necessary to set forth the facts required by the fourth subdivision of the code in an affidavit or in the petition only when an order of delivery is desired by the plaintiff.

2. Contract examined, and *held* to be one of conditional sale.

3. Sale: MORTGAGEE OF VENDEE. The mortgagee of a conditional vendee of personal property is not a purchaser within the meaning of section 26, ch. 32, Comp. St. 1907, and cannot by his mortgage acquire any rights superior to the conditional vendor, even if the contract of conditional sale is not filed as required by said section.

GOOD, C.

This case is now before us on rehearing. For the former opinion see *ante*, p. 32. This is an action in replevin, and was apparently instituted in the district court by the plaintiff to recover a quantity of agricultural implements.

All of the defendants answered by a general denial. A jury was waived, and trial had to the court. The defendants had judgment, and the plaintiff appeals.

The former opinion affirmed the judgment of the district court upon the theory that the petition did not state a cause of action, and was based upon the holding of this court in *Case Threshing Machine Co. v. Rosso,* 78 Neb. 184. An examination of the latter case will disclose that the sufficiency of the allegations of the petition was not involved in that case. It simply held that a writ of replevin, issued without the filing of the affidavit required by section 182 of the code, should, upon proper application, be set aside. The theory in the former opinion in this case seems to have been that, in order to maintain the action of replevin, it is necessary that an affidavit should be filed setting forth the things required in the fourth subdivision of section 182 of the code, or that such things should be embodied in the petition, and that for want of the affidavit and the allegations of such facts in the petition it fails to state a cause of action. An examination of the various sections of the chapter of the code relating to actions of replevin commenced in the district court convinces us that the holding was erroneous. The things required to be set forth in the affidavit of replevin, mentioned and set out in section 182 of the code, are required only when the plaintiff demands the issuance of an order of delivery. It is optional with the plaintiff whether he have the order of delivery issued or not. By section 181 it is provided that the plaintiff *may,* at the commencement of the suit, or at any time before answer, claim the immediate delivery of such property. When he claims the immediate delivery, then it is incumbent upon him to file the affidavit provided for in section 182, or to embody the facts in his petition. But he may, without the affidavit or the averments in his petition, proceed with the action as provided for in section 193 of the code. If the order for the delivery of the property has been issued without the affidavit provided for by section 182, then, under the pro-

visions of section 197 of the code, the order may be set aside. A consideration of these various sections of the code forces us to the conclusion that the allegations as to the things required in the fourth subdivision of section 182 relate only to the order of delivery, and not to the right to a trial upon the rights of possession and the rights of property, and a failure to set forth the facts mentioned in that subdivision could only affect the right to the order of delivery. An examination of the petition shows that it sets forth, first, the corporate capacity of the plaintiff; second, that it was the owner and entitled to the immediate possession of the property, describing it; third, its value; fourth, that the defendants wrongfully detain the property from the possession of the plaintiff to its damage, etc. There is another allegation in the petition, the effect of which we will consider later. It is evident that the petition complies with all of the usual requirements in an action of replevin instituted in the district court, where the plaintiff claims a general ownership of the property. Following the allegations as to the value of the property in the petition, it is alleged "that plaintiff's title to ownership to said property is by reason of a certain contract made with the defendant, John Meinen, under and by the terms of which the goods herein were delivered to him at Belvidere, Nebraska; there being due and unpaid in cash upon said contract the sum of $975.86. The defendant, John Meinen, has not paid cash for any portion of said goods. That he has given certain notes as evidence of the indebtedness, but has made no payment upon said contract, said notes so held as evidence of indebtedness being herein tendered to said defendant."

The defendants contend that the effect of these allegations is to limit the general allegations of ownership in the petition, but a careful consideration of them fails to show that in any particular they are contradictory of the general allegations of ownership in the plaintiff. We have no doubt that, if the plaintiff, after alleging general ownership in himself, had attempted to set forth the facts con-

stituting his ownership, and the facts set forth contradicted the allegations of general ownership, then the special allegations would control the general allegations. But, as we view it, these allegations were merely surplusage and may be wholly disregarded. We therefore conclude that the petition stated a good cause of action in replevin, and that the former opinion in this case was erroneous and should be vacated.

There is another phase of the case that will make the following statement of the facts necessary: The plaintiff was the manufacturer or wholesaler of agricultural implements. The defendant, John Meinen, was a retail dealer at Belvidere, Nebraska. The personal property in controversy was sold by the plaintiff to the defendant, John Meinen, under a contract. The plaintiff claims that the contract constituted a conditional sale. The defendants claim that the contract evidenced an unconditional sale, and that the title to the property passed to Meinen. The contract, so far as necessary to a determination of this question, is as follows: "The party of the first part sells, and the party of the second part buys, the following list of goods, * * * under conditions hereinafter named, and the prices and terms hereinafter indicated. * * * It is expressly agreed that upon the receipt of goods or upon monthly balances, at the option of the second party, said party of the second part shall execute notes to the said party of the first part for the amount to be paid for the goods received according to the terms of this contract. * * * In case of the death of a member of the firm making this contract, or if the purchaser under this contract sells out, fails, or becomes insolvent, or any member of the purchasing firm fails, * * * all accounts or notes for goods purchased under this contract * * * shall then become due and payable. * * * The title to the goods (and all proceeds of any sale of the same), for which this order is given, and all goods subsequently ordered and the proceeds of the sale thereof to remain in the name of the Racine-Sattley Company until

the same are settled for with cash; and notes or accepted drafts given are not accepted as payment, but only as evidence of indebtedness." It is doubtless true that under the holdings in many of the states this contract would not create a conditional sale. In the case of *National Cordage Co. v. Sims,* 44 Neb. 148, the following language, taken from Newmark, Law of Sales, sec. 19, is quoted with approval: "Whenever it appears from the contract between the parties that the owner of personal property has transferred the possession thereof to another, reserving to himself the naked title thereof, solely for the purpose of securing payment of the price agreed upon between them, the contract is necessarily a conditional sale, and not a bailment." In 6 Am. & Eng. Ency. Law (2d ed.), p. 437, note, it is said: "A sale and delivery of personal property with an agreement that title is to remain in the vendor until payment is a conditional sale." In the case of *Osborne Co. v. Plano Mfg. Co.,* 51 Neb. 502, the contract involved was very similar to the one in the case at bar. It was contended upon the one side that the contract was one of agency, and upon the other that it was an unconditional contract of sale, but the court held that it was a contract of conditional sale.

We think that under these authorities the contract must be held to be one of conditional sale, and that the title to the property remained in the Racine-Sattley Company, and that upon conditions broken it was entitled to maintain replevin for the goods so sold. By reference to the provisions of the contract above quoted, it will be observed that upon the failure of the purchaser all accounts or notes for goods purchased under the contract should be due and payable. The evidence discloses that some months prior to the bringing of the action Meinen failed in business. The notes were, therefore, past due. The defendant Meinen had failed to make payment as provided for in the contract, and the plaintiff was entitled, as against him, to recover the possession of the goods.

The defendants, Emma Meinen, and M. H. Weiss, and

M. H. Weiss, trustee, introduced evidence tending to show that they had taken possession of the goods in controversy under chattel mortgages executed to them by John Meinen. It is conceded that the conditional contract of sale had never been filed for record, as required by the registry laws of this state, and under the provisions of section 26, ch. 32, Comp. St. 1905, it is void as against purchasers in good faith and judgment and attaching creditors; but under the holdings of this court in *Campbell Printing Press & Mfg. Co. v. Dyer*, 46 Neb. 830, and *McCormick Harvesting Machine Co. v. Callen*, 48 Neb. 849, a mortgagee of the conditional vendee in possession of chattels is not a purchaser within the meaning of said section 26, and the rights of the conditional vendor are prior and paramount to the rights of such mortgagee. It follows that the defendants holding mortgages from John Meinen acquired thereby no rights as against the Racine-Sattley Company.

There is another reason apparent from the record why they did not have any rights as against the plaintiff, and that is that there is no evidence in the record to show that the personal property in controversy was covered by the mortgages of these defendants. There are descriptions in the mortgages of goods which are similar to that of the goods in controversy, but there is nothing in the record to identify the property covered by the mortgages with that in controversy in this action. It follows that the judgment of the district court is wrong and should be reversed.

For the reasons given we recommend that the former opinion in this case be vacated, and that the judgment of the district court be reversed and the cause remanded for a new trial.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the former opinion in this case is vacated, and the judgment of the district court is reversed and the cause remanded for further proceedings.          REVERSED.