SINGER SEWING MACHINE COMPANY, APPELLEE, V. OMAHA UMBRELLA MANUFACTURING COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 20, 1909. No. 15,491.

Sales: OPTION. Where the owner of sewing machines places the same in possession of a prospective purchaser on trial and with an option to purchase at a fixed valuation, but with no agreement to pay rent therefor, such transaction does not constitute a conditional sale nor lease within the meaning of section 26, ch. 32, Comp. St. 1907.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Richard S: Horton,* for appellants.

*John E. Quinn, contra.*

CALKINS, C.

This was an action in replevin to recover possession of sewing machines seized by the defendant Simpson under a writ of attachment directed to him as constable and commanding him to take the property of the defendant the Omaha Umbrella Manufacturing Company. There was a trial to the court and a finding and judgment for plaintiff, from which defendant Simpson appeals.

It appears that some time in July, 1907, the plaintiff installed the machines in question in the shop of the umbrella company. The agent of the plaintiff and the president of the umbrella company, who, respectively, represented their companies in the transaction between them, both testified that the machines were installed for trial, and that before the levy of the attachment the umbrella company had decided not to accept them and had so advised the plaintiff. It appears, however, that after the installation of the machines, and before the levy, the president of the umbrella company signed a paper which the defendant Simpson characterizes as a conditional contract of sale. It is his contention that this paper, not being recorded, is, so far as it retains any property in the machines in the plaintiff, void as to attaching creditors under section 26, ch. 32, Comp. St. 1907, which provides "that no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid," etc., unless the same be in writing and a copy thereof filed with the clerk of the county. This document, a copy of which is attached to the record, appears to have been a blank printed form prepared by the plaintiff for leasing sewing machines to intending purchasers. The blank left for the description of the goods is filled out with an enumeration of the property in question, which is there stated to be of the value of $214.50. There are suitable blanks left in the printed form for the insertion of the amount of rent and the time and manner in which it is to be paid; but none of these blanks are filled, and as a necessary consequence there is

no rent stipulated nor agreed to be paid. There is a stipulation that the umbrella company is to use the machines with care and keep them in good order. There is no agreement to purchase contained in the instrument; but at the end there is printed the clause: "And it is further agreed that ———— may at any time within said rental term purchase the said chattel ———— and apparatus by paying the above valuation therefor, providing the terms and provisions have been punctually complied with, and then, and in that case only, the rent theretofore paid shall be deducted therefrom."

It is a general rule that, where words are omitted from a contract or contradict one another, the ambiguity is patent. In such cases, explanatory evidence not being admissible, the contract fails. Anson, Contracts (2d Am. ed.), p. *248. The rule as stated by Mr. Stephen (Stephen, Digest of the Law of Evidence, art. 91) is: "If the words of a document are so defective or ambiguous as to be unmeaning, no evidence can be given to show what the author of a document intended to say." Applying these principles, the contract, as it stands, amounts to no more than an acknowledgment on the part of the umbrella company that it held the machines as the property of the plaintiff, and that it would use them with care and keep them in good order, and an option by the plaintiff to the umbrella company to purchase the same at the valuation given. This is not a sale, contract or lease wherein the transfer of title or ownership of personal property is made to depend upon any condition, and it is not therefore within the provisions of the statute relied upon. *McClelland v. Scroggin*, 35 Neb. 536. The contract established by the oral testimony was not inconsistent with the writing, so construed, and we can discover no error in the finding and judgment of the district court.

We therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.