MAXWELL MOTOR SALES CORPORATION, Appellant, v. BANKERS
MORTGAGE AND SECURITIES COMPANY, Appellee.

CHALMERS MOTOR CAR COMPANY, Appellant, v. BANKERS MORT-
GAGE AND SECURITIES COMPANY, Appellee.

**SALES:** Conditional Sales—Sale (?) or Bailment (?)   The claim that
a written instrument works a *conditional sale* of goods (a sale with
title reserved as security for the purchase price), and not a mere
*bailment* of goods, is very persuasively supported by the fact that the
possessor or holder of said goods is by said instrument *clearly obli-
gated to pay for said goods.*

*Appeal from Black Hawk District Court.*—H. B. BOIES, Judge.

FEBRUARY 17, 1923.

ACTION by the Maxwell Motor Sales Corporation, to recover
the value of a Maxwell automobile. This action was consolidated
in this court with another, in which the Chalmers Motor Car
Company is appellant. The cases and pleadings are identical,
except as to the parties plaintiff and the amount. A demurrer
to defendant's answer in each case was overruled, and the re-
spective plaintiffs appeal.—*Affirmed.*

*Edwards, Longley, Ransier & Harris,* for appellant.

*Arbuckle & Arbuckle* and *Hamlin, Clark & Pearson,* for
appellee.

STEVENS, J.—The appellant Maxwell Motor Sales Corpora-
tion alleged in its petition that the Bankers Mortgage and Se-
curities Company, on or about July 20, 1921, wrongfully took
possession of a motor vehicle described as roadster model, Serial
No. 309867, of the value of $691.25, and converted it to its own
use. Judgment is asked against it for that amount. Appellee
in its answer admitted that it took possession of the automo-
bile, as alleged in plaintiff's petition, but averred that it did

so under the authority of a chattel mortgage executed thereon, on or about September 15, 1920, by the Harry Padden Auto Company, to secure the payment of a note for $650, in favor of the Waterloo Bank & Trust Company, trustee. The answer further admitted the execution of a certain written instrument by the Harry Padden Auto Company, a copy of which was incorporated in appellant's petition, and that the said Padden Auto Company held possession of said automobile at the time of the execution of the mortgage to the Waterloo Bank & Trust Company, under the terms of said agreement. Defendant further alleged that, "at the time when said money was loaned by it to the Harry Padden Automobile Company, and when said note and mortgage were executed and delivered, as aforesaid, the motor vehicle was in the possession of said mortgagor in its place of business, where it was engaged in operating a public garage and salesroom, and where it had a large number of motor vehicles of various makes and models, including the one in question, which it was at that time ostensibly keeping and exhibiting for sale and selling as its own property; and that, at the time when said loan was made and security given, as aforesaid, neither the defendant nor the said Waterloo Bank & Trust Company, trustee, had any notice, either actual or constructive, of the plaintiff's said trust receipt, or of any right or interest which the plaintiff had or claims to have in said motor vehicle."

A demurrer to the answer was overruled, and plaintiff elected to stand upon its petition, and refused to plead further. The written instrument incorporated in appellant's petition upon which its claim of ownership of the automobile is based is as follows:

"* * * but with liberty to us to exhibit and sell same for its account for cash for not less than $691.25 and we further agree in the case of sale to keep the proceeds separate from our funds and immediately hand the proceeds to said Maxwell Motor Sales Corporation without expense or cost to the holders of said note. The acceptance of note equal in amount to the value of said motor vehicle shall not be effective to terminate this trust but said note and any sums delivered by us shall be security for the performance of the things obligatory upon us hereunder. We

further agree to keep a separate account of all motor vehicles delivered to us under this or any like receipt and of the proceeds thereof when sold, to report any sale to the holders of said note immediately after the same is. made.   We will also permit them, or their duly accredited representatives, to examine the motor vehicles in our possession at all reasonable times during business hours.   The Maxwell Motor Sales Corporation shall during the entire time said motor vehicle is held hereunder keep said motor vehicle insured against loss by fire and theft.   We further agree to pay all costs, charges, expenses and disbursements, including attorney's fee should the holder find it necessary to protect his property in said car by placing it in the hands of an attorney.

"[Signed]  Harry .Padden Auto Co.,
"By H. L. Padden."

Attached to this written instrument is the promissory note of the Harry Padden Auto Company, dated April 20, 1920, for $691.25, payable to appellant and due in three months.   Written across one end on the face of the note is the following:

"This note covers 1 Maxwell Roadster motor vehicle No. 309867 and must be paid before said motor vehicle is sold or exchanged.   This provision cannot be waived except by a writing signed by an executive officer of Maxwell Motor Sales Corporation.   No waiver of any previous defaults shall be deemed to be a waiver hereof."

The court below construed the contract as a conditional sale, as against the contention of appellant that it is, on the contrary, a contract of bailment.   Appellant concedes that, if the contract created a conditional sale, and not a bailment, the judgment should be affirmed.   Our decision must, therefore, rest upon the construction of the contract.   This court defined conditional sale in *Donnelly v. Mitchell,* 119 Iowa 432, as follows:

"To constitute a conditional sale, within the terms of the statute, there must be a delivery of possession to the purchaser, with the intention of passing immediate ownership, subject only to the reservation of title to the seller as security for the purchase money.   *Wright v. Barnard,* 89 Iowa 168; *Gaar, Scott &*

*Co. v. Nichols,* 115 Iowa 223; *Davis v. Giddings,* 30 Neb. 209 (46 N. W. 425). If the contract is conditional as to the transfer of ownership to the vendee, so that, on his failure to perform the condition, no right as owner has passed to him, and no definite obligation to pay the purchase price has accrued, then, instead of the transaction's being a conditional sale, such as is contemplated by the statute, the delivery of possession constitutes a bailment only, with a right of purchase. In such a case, the vendee has only an executory and conditional agreement for purchase, and until he exercises his right under such agreement, he remains merely a bailee.''

And again, in *Norwegian Plow Co. v. Clark,* 102 Iowa 31, we said:

''If the contract is one of pure agency, providing for a consignment of goods to be paid for at a fixed price out of the proceeds of the goods when sold, then it is a bailment for sale, and the title remained in the appellee until the goods were sold to a bona-fide purchaser for value. But if the contract is in form an agency contract, but really one of sale, made so for the purpose of evading the statute; or if it is in reality a contract of sale, by which the consignee became in fact a purchaser, and was liable for the goods when sold, as the principal debtor, then the contract is one of sale. Benjamin, Sales (6th Ed.), p. 7; 3 Am. & Eng. Encyc. Law, 340. One of the principal tests by which to determine this question is, Was there a binding promise on the part of the consignee to pay for the goods? If there was such promise, the contract is ordinarily held to be one of sale, and not of bailment.''

These rules have been applied in other cases, but it is unnecessary at this time to cite or review them. It may not be improper in this connection to suggest that the author of the written contract was either hopelessly deficient in his capacity to clearly express the intention of the parties, or else ambiguity was the end aimed at. Whether his purpose was to create a bailment, or to so phrase the instrument as to make it serve in an emergency, can only be surmised. The instrument is not, in terms, either one of conditional sale or of bailment. The Maxwell Motor Sales Corporation is a distributor of motor vehicles,

and the Harry Padden Auto Company is a dealer and salesman thereof in the city of Waterloo. Evidently their mutual purpose was to sell automobiles for profit. The price of the automobile to the Padden Automobile Company is fixed by the agreement, but not the price at which it may be sold in the usual course of the retail trade. Doubtless, the Maxwell Motor Sales Corporation desired that the automobile be handled by the Padden Auto Company upon terms that would insure the prompt payment of the fixed price. To effectuate that purpose, it granted permission to the Padden Auto Company to display the automobile in its place of business, and to sell it for cash at not less than $691.25, and to promptly account for $691.25 of the proceeds of the sale to appellant. The Padden Auto Company agreed to retain it in trust for the holder of a note for $691.25, payable to the order of appellant. The use of the word "holder" might indicate that a transfer or assignment of the note was contemplated by the Sales Corporation. It is true that the Padden Auto Company agreed to surrender the automobile to appellant upon demand, in good condition, but it also unconditionally obligated itself to pay the price agreed upon, before selling or exchanging the motor vehicle. The words used in the contract, "but with liberty to us to exhibit and sell same," are obviously a mere subterfuge. The manifest purpose of the arrangement, whether the contract be interpreted as a conditional sale or one of bailment, was the sale of Maxwell motor vehicles. The provision of the contract that the acceptance by appellant of the note shall not operate to terminate the trust, but that the note shall be held only as security for the performance of the contract on the part of the maker, is inconsistent with the writing on the margin of the note. This provision could, according to the express terms of the contract, be waived only by a writing signed by an executive officer of the Maxwell Motor Sales Corporation. Previous defaults or failures on the part of the Motor Sales Corporation to avail itself of this provision of the contract are not to be deemed a waiver thereof. We said, in *Bentley & Olmstead v. Snyder & Son*, 101 Iowa 1, that:

"The most infallible test by which to determine under which class the contract falls, is to ascertain whether there is a prom-

ise by the purchaser to pay for the goods delivered. If there is such promise, then, no matter under what form the transaction is disguised, it is held to be a conditional sale, and not a bailment.''

The words ''sold'' or ''sale'' are not to be found in the contract, nor is there a specific reservation of title in the Motor Sales Corporation. This, of course, upon its trust theory was unnecessary. The words ''trust receipt'' and ''in trust,'' as used in the contract, are significant, but not decisive. The effort made to distinguish the word ''hand,'' in the following clause of the contract, ''in the case of sale to keep the proceeds separate from our funds and immediately *hand* the proceeds to said Maxwell Motor Sales Corporation,'' and the word ''delivered,'' in the next sentence, from the words ''pay'' and ''paid,'' can be given little weight in ascertaining the real intention of the parties. The delivery by the Padden Auto Company of $691.25 of the proceeds of the sale of the automobile was not intended by the parties to be a ''hand-out,'' but a payment and discharge to that extent of the obligations of the contract on the part of the Padden Auto Company. There is, no doubt, a sense in which the note might be held by appellant as security for the performance of the contract, but it is not so clear how the delivery of $691.25 of the proceeds of the sale of a single automobile could be held as security for the further performance of the obligation of the Padden Auto Company. Payment of the note would certainly operate as a discharge of the dealer's liability as to this automobile, under the contract. It is true that the contract contemplates the possible delivery and sale of other motor vehicles than the one specifically described in the contract. As to future automobiles, the specific obligation of the Padden Auto Company is to keep a separate account of all automobiles delivered to it under the instrument in question, or any like instrument, and of the proceeds derived from the sale thereof, and to immediately report the sale to the holder of the note. Whether a separate and identical receipt or contract is executed by the parties upon the delivery of each automobile to the dealer, we are, of course, not informed. Mere delivery of the motor vehicle to the dealer, with authority to sell

the same, under the strict requirement that it immediately account to the Maxwell Motor Sales Corporation for the proceeds thereof, may be as consistent with appellant's theory of an agency and bailment as with appellee's theory that a conditional sale resulted; but the contract must be construed as a whole. The automobile in question was, upon either theory, delivered to the dealer for sale. He was required to give his note therefor, due in three months. It provided that it must be paid before the automobile could be sold or exchanged. This is inconsistent with appellant's theory of a bailment, and must be given great weight in the construction of the contract, which, we think, must be construed as a conditional sale. It was not acknowledged or recorded, and therefore, in the absence of evidence that the mortgagee had notice of the contract, the mortgage must, under the provisions of Code Section 2905 and Chapter 154, Acts of the Thirty-seventh General Assembly, be upheld. Appellant does not claim that the mortgage is invalid if the transaction was a conditional sale. As stated, we think it must be so construed. It follows that the judgment of the court below must be and is—*Affirmed*.

PRESTON, C. J., EVANS, ARTHUR, and FAVILLE, JJ., concur.