GENERAL MOTORS ACCEPTANCE CORPORATION, APPELLEE, V. HENRY C. HUPFER, APPELLANT.

FILED MARCH 6, 1925. No. 23013.

1. **Bailment.** The legal effect of the trust receipt, set out in the opinion, considered, and *held*, to establish the relation of bailor and bailee.
2. **Sales:** Section 2464, Comp. St. 1922, does not include a mortgage.
3. **Evidence** examined, and held sufficient to support the judgment.

APPEAL from the district court for Lincoln county: J. LEONARD TEWELL, JUDGE. *Affirmed.*

*E. H. Evans,* for appellant.

*Halligan, Beatty & Halligan,* contra.

Heard before MORRISSEY, C. J., ROSE, DAY and THOMPSON, JJ., and SHEPHERD, District Judge.

THOMPSON, J.

This is an action in replevin brought in the district court for Lincoln county by plaintiff, General Motors Acceptance Corporation, against Henry C. Hupfer, defendant, to recover four automobiles which were taken under the writ and delivered to plaintiff, the value of each being admitted to be $1,000. The petition is in the ordinary form, alleging absolute ownership in plaintiff. The answer is a general denial. A jury was waived, and trial had to the court; ownership and right of possession found to be in plaintiff, damages assessed at one cent, and judgment so entered. From this judgment defendant appeals.

Plaintiff bases its right to recover the automobiles upon

a purchase made of them by it from the Oakland Motor Car Company in December, 1919. The automobiles were shipped by the Oakland company to North Platte, consigned to itself, where they were unloaded by one C. M. Trotter, a retail dealer in automobiles at that place. Prior to the unloading thereof, and prior to the delivery of the bill of lading for such cars to Trotter, the latter was required to, and did, execute to plaintiff the following trust receipt:

"I (we) hereby acknowledge that said motor vehicles are the property of said General Motors Acceptance Corporation and agree to take and hold the same for the purpose of storing said property; and I (we) hereby agree to keep said motor vehicles brand new and not to operate them for demonstrating or otherwise and to return said motor vehicles to said bank or said General Motors Acceptance Corporation or its order upon demand. I (we) agree not to sell, loan, deliver, pledge or otherwise dispose of any of said motor vehicles to any other person except upon written order from General Motors Acceptance Corporation for release from trust, upon payment to bank mentioned therein of the amount required by said order, and upon the indorsement on the back of this trust receipt by said bank of a release from trust."

Prior to the arrival of the cars or the bill of lading, and before Trotter came into possession of the cars, he executed a chattel mortgage upon them to defendant, to secure a promissory note which he had before executed to defendant, and is the mortgage upon which defendant relies in this case. About January 19, 1920, Trotter absconded. Defendant then filed his mortgage, and took possession of the cars.

Defendant contends that "the judgment of the court is contrary to the evidence," and that the "judgment of the court is contrary to law." We have carefully examined the evidence, and find that the judgment is sustained thereby. Having thus concluded, a discussion of the evidence in detail would be futile.

This leaves for our determination the question, what is the legal effect of the trust receipt? Under it, Trotter had but one use he could make of these automobiles, and that was to display them; and he had but one trust, and that was to care for and protect them. He might become the owner by complying with the terms of the receipt, but until such compliance was had he is a bailee and no more. Thus, this trust receipt was not an absolute sale, mortgage, conditional sale, or lease, and it was not necessary that it be recorded. *McClelland v. Scroggin*, 35 Neb. 536; *Singer Sewing Machine Co. v. Omaha Umbrella Mfg. Co.*, 83 Neb. 619; *In re Marks & Co.*, 222 Fed. 52; *Campbell Printing Press & Mfg. Co. v. Dyer*, 46 Neb. 830.

As Trotter was at all times without ownership in the automobiles, the mortgage to defendant is void; but, were it a valid mortgage, plaintiff's right would, nevertheless, be prior. Section 2464, Comp. St. 1922, relied upon by defendant, does not include a mortgage. *Racine-Sattley Co. v. Meinen*, 79 Neb. 32; *Campbell Printing Press & Mfg. Co. v. Dyer, supra.*

Each of defendant's other contentions has been considered. However, reversible error is not shown.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.