IN RE ESTATE OF O. M. SWEET.

T. L. BROOKHART, Executor, Appellee, v. W. E. SCHONLAU et al., Appellants.

No. 44130.

FEBRUARY 15, 1938.

S. W. Livingston, for appellee.

Smith, Swift & Maloney and Morrison & Morrison, for appellants.

590

MITCHELL, J.—O. M. Sweet during his lifetime was engaged in the automobile business at Washington, Iowa, doing business under the trade name of Sweet Motor Company. He died testate on February 16, 1937, and T. L. Brookhart was duly appointed and qualified as executor of his estate.

At the time of the death of Sweet there were in his place of business three Studebaker automobiles, of the value of $2,146, each of the three cars being worth approximately one-third of that amount. The Commercial Investment Company had loaned certain amounts of money to O. M. Sweet, namely, $706.65 on a 1937 Studebaker Sedan, $890.42 on a certain 1937 Studebaker, $750.05 on a 1937 Model Dictator Studebaker; Sweet executing and delivering certain written instruments, all of which were introduced at the time of the trial, and which will be referred to later in this opinion. Two days after the death of Sweet, to wit, on the 18th of February, 1937, the Commercial Investment Corporation secured a writ of replevin, which was issued out of the justice of the peace court, and took possession of the three cars over the protest of the executor, taking them to Davenport and Moline, where they were sold.

The record shows that in the estate there were claims filed in the amount of $1,391.26, and that a widow's allowance in the sum of $1,500 had been ordered. On the 24th day of February, 1937, the executor filed an application, under section 11925 of the Code, for discovery of assets belonging to the Sweet estate, and on the same day the court entered an order, requiring the defendants to appear. To this application and order the Commercial Investment Company, being a corporation and unable to appear in person, filed its answer, admitting the taking of the automobiles, stating that it claimed title to same by reason of certain conditional sales contracts and trust receipts, and denied that O. M. Sweet or his executor had any right, title, or interest therein, or right of possession thereto or the proceeds therefrom.

Evidence was offered, and the court entered an order, directing the corporation to deliver to the O. M. Sweet estate the said three automobiles, or that it pay to the said executor the value of the cars in the sum of $2,146 in lieu of the delivery of said automobiles. The Commercial Credit Corporation being dissatisfied, has appealed to this court.

■■■ Appellant does not rely upon the fact that a justice of the peace issued the writ of replevin under which the three cars

were taken, and rightly so, because the amounts involved in each one of the separate transactions exceeded the amount of $100, and of course the justice of the peace had no authority to issue the writ.

In the case of Wedgewood & Company v. Parr, reported in 112 Iowa 514, at page 516, 84 N. W. 528, this court said:

"The claim in the petition is for a judgment for $128.50, with interest, so that the amount was $147.05, and for the possession of wheat alleged to be of the value of $280. The amount exceeded the jurisdiction of the justice as to the subject-matter of the action. By Code, section 4477, a justice of the peace may have jurisdiction when the amount in controversy is not more than $300. There is no provision for jurisdiction when the amount is greater. No action of the parties could authorize either justice to assume jurisdiction for a greater amount. Hynds v. Fay, 70 Iowa 433, 30 N. W. 683; Cerro Gordo County v. Wright County, 59 Iowa 485, 13 N. W. 645. If the justice had no jurisdiction, the district court would not acquire jurisdiction by appeal. McMeans v. Cameron, 51 Iowa 691, 49 N. W. 856."

**█ █ █** The real contention of the appellant is that when a question arises or a controversy appears as to the title, ownership, or right of possession, then and in such event the court is without further jurisdiction to enter any order or determine in such proceeding any controversy, and the executor is then relegated to an action for recovery of the property claimed as between the parties.

The trouble with appellant's contention is that under the very evidence it offers, to wit: the written instruments, Exhibits A, B and C, it established the ownership of said property in O. M. Sweet at the time of his death, and there was no dispute as to same. As to the right of possession, Sweet had possession at the time of his death and he held it rightfully under the evidence of the appellant.

The instruments A, B and C in the case at bar are almost identical with the written instruments in the case of General Motors Acceptance v. Whiteley, reported in 217 Iowa 998, 252 N. W. 779, and the questions involved here were before the court in that case. The writer of this opinion willingly concedes that the jurist who wrote that opinion was far more able to discuss the questions, and we therefore turn to the opinion of the late

Justice Evans, and quote briefly therefrom (at page 1001 of 217 Iowa, 252 N. W. 779, 780):

"Did the court err in holding as a matter of law that Stansberry was not a bailee? It is the contention of the appellant-plaintiff that the identical form of this trust receipt has been considered by other appellate courts wherein it has been held that it constituted a bailment. The question, of course, involves an interpretation of our own statute, section 10016. This section has been considered in many of our cases, and its interpretation is quite settled. It is perhaps sufficient to cite a comparatively recent case. Maxwell Motor Sales Corporation v. Bankers Mortgage & Securities Company, 195 Iowa 384, 388, 192 N. W. 19, 21. In that case we quoted from an earlier case (Bentley & Olmstead v. Snyder & Son, 101 Iowa 1, 69 N. W. 1023), as follows:

" 'The most infallible test by which to determine under which class the contract falls is to ascertain whether there is a promise by the purchaser to pay for the goods delivered. If there is such promise, then, no matter under what form the transaction is disguised, it is held to be a conditional sale, and not a bailment.'

"Again we quote from Norwegian Plow Co. v. Clark, 102 Iowa 31, 37, 70 N. W. 808, 810, as follows:

" 'One of the principal tests by which to determine this question is, was there a binding promise on the part of the consignee to pay for the goods? If there was such promise, the contract is ordinarily held to be one of sale, and not of bailment.'

"In the Maxwell case the trust instrument comprised not only the receipt but a promissory note as here. We held the transaction to constitute a conditional sale and not a bailment. We do not find anything to the contrary in the Nebraska case cited by appellant. General Motors Acceptance Corporation v. Hupfer, 113 Neb. 228, 202 N. W. 627. In that case only the so-called trust receipt was under consideration of the court. No promissory note attended the receipt in that case. We think the district court ruled at this point consistently with our previous holdings."

And so in the case at bar, in almost identical language, we find there was not only the trust instrument, but attached to it,

and made a part, a promissory note, which bound Sweet to pay for the automobiles delivered.

The law is well settled that the executor is entitled to the possession of all personal property belonging to the estate for the purpose of payment of claims and distribution of the balance to the owners. Any other rule would lead to utter confusion in the settlement of estates. If claimants have liens or equitable interests in specific property, they have an ample remedy by filing a claim against the administrator and having the same adjudicated in a proper way. If the Commercial Investment Corporation were permitted to come in within two days after the death of Sweet and take three automobiles, claiming they had an interest in or lien upon them, it is conceivable that all of the property of the estate might be taken in this manner by persons living in different jurisdictions, and the burden and expense of recovering the property would be placed upon the estate.

The record shows without dispute absolute ownership and possession in O. M. Sweet at the time of his death, and such ownership and possession passed to T. L. Brookhart as executor of his estate.

It necessarily follows that the lower court was right, and judgment and decree of the lower court must therefore be affirmed.—Affirmed.

Chief Justice and all Justices concur.