GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee, v. L. J. KOCH et al., Appellants, R. S. PEASE, Intervener, CARRIE FRARY, Executrix, Substituted Intervener.

No. 44426.

OCTOBER 18, 1938.

REHEARING DENIED JANUARY 20, 1939.

B. F. Jones and Herminghausen & Herminghausen, for appellant L. J. Koch.

Harold Newcomb and Hollingsworth & Hollingsworth, for appellee.

MITCHELL, J.—Prior to 1930 Thomas H. Mosher, Minella E. Mosher and L. J. Koch were engaged in the retail automobile business in Fort Madison, Iowa, as a co-partnership, doing business under the name of the Fort Madison Motor Company. Koch sold his interest to the other partners in November of 1930 and they executed and delivered to him a promissory note, secured by a chattel mortgage on their stock of automobiles and equipment.

In January of 1932 the Fort Madison Motor Company purchased certain automobiles. Before the automobiles were delivered there were executed to the General Motors Acceptance Corporation what are described in the record as "trust receipts" and promissory notes, describing four certain automobiles. Thereafter one of the partners, Thomas H. Mosher, died, leaving the surviving partner, Minella E. Mosher. On May 19, 1932, the General Motors Acceptance Corporation filed a petition for a writ of replevin, attached to which were four written instruments called "trust receipts". A writ of replevin was issued and placed in the hands of the sheriff of Lee County for levy, and the four automobiles described in the certain written instruments were procured by him and turned over to the General Motors Acceptance Corporation.

L. J. Koch filed answer, which was simply a general denial. Minella E. Mosher, who was the sole surviving owner of the Fort Madison Motor Company, filed answer, in which she admitted under oath that the General Motors Acceptance Corporation was entitled to the automobiles they had taken under the writ, and prayed that possession of said automobiles be given to the General Motors Acceptance Corporation.

For some reason, not explained in the record, the case was not tried for a period of approximately five years, but in 1937 it was brought on for hearing and evidence was offered. At the end of plaintiff's testimony defendant Koch made a motion to direct a verdict, which was overruled. He renewed this at the close of all of the evidence and again his motion was overruled. Plaintiff also made a motion for a directed verdict, which

was sustained. Koch being dissatisfied with the ruling, has appealed.

In the case of General Motors Acceptance Corporation v. Whiteley, 217 Iowa 998, 252 N. W. 779, this court had before it a case involving trust receipts identical with those signed by the Fort Madison Motor Company, and this court held in that case that the trust receipts were in fact conditional sales agreements.

Appellants cite and rely upon the case of In re Sweet's Estate, 224 Iowa 589, 277 N. W. 712. That case, however, simply reaffirms this court's decision in the case of General Motors Acceptance Corporation v. Whiteley, supra. In the case at bar it is not the claim of appellees that the instruments relied upon are anything more than conditional sales contracts, and they also rely upon the cases cited by the appellants.

Appellees' cause of action, being one of replevin, of course relates to the right of possession of property taken under the writ. The language of the trust receipts is as follows:

"Received of General Motors Acceptance Corporation the motor vehicles described above.

"I (we) hereby acknowledge that said motor vehicles are the property of said General Motors Acceptance Corporation * * * and I (we) hereby agree * * * to return said motor vehicles to said General Motors Acceptance Corporation or its order on demand."

Clearly, under this instrument the General Motors Acceptance Corporation had a right to the possession of the cars. The burden was upon the appellees to prove that they were entitled to immediate possession. They met this burden by showing default in payment and that the instruments under which the automobiles were delivered to the Fort Madison Motor Company gave them the right of possession in case of default.

There is no dispute in this record between the General Motors Acceptance Corporation and the Fort Madison Motor Company, for Minella E. Mosher, who was doing business under that name, filed an answer, stating that the General Motors Acceptance Corporation was entitled to the possession of said automobiles and prayed the court to give them to the corporation. Appellant Koch filed only a general denial. The only proof he

offered was that he had a chattel mortgage on these automobiles, given prior to the execution of the conditional sales contracts to the General Motors Acceptance Corporation. He offered his chattel mortgage in evidence, and the court excluded it, we think rightly so, for under the pleadings here the appellant had no right to introduce the mortgage without specifically pleading it.

McCarty on Iowa Pleading, at page 97, says:

"Thus under the general denial, any germane defense can be proved, but no evidence is competent which does not tend to negative some fact which plaintiff is bound to prove in order to entitle him to recover."

Code section 11209 (of the 1935 Code) is as follows:

"11209. Matters specially pleaded. Any defense showing that a contract, written or oral, or any instrument sued on, is void or voidable; or that the instrument was delivered to a person as an escrow, or showing matter of justification, excuse, discharge, or release, and any defense which admits the facts of the adverse pleading, but by some other matter seeks to avoid their legal effect, must be specially pleaded."

The general denial merely put in issue the facts pleaded in appellees' petition. The chattel mortgage of the Moshers to Koch would not tend to disprove the execution of the trust receipts, or the default of the purchasers of the cars, or any other fact pleaded by the appellees. In addition, the chattel mortgage would not of itself show, or tend to show, that the appellees were not entitled to the possession of the automobiles, which was the only issue before the court in this case. It might have shown some claim to a lien upon the property, but the question with which the court was confronted under the pleadings was not which lien was first, but whether appellees were entitled to the possession of the automobiles.

Appellees having shown that they were entitled to the possession of the cars, there being no evidence to the contrary, it necessarily follows that the lower court was right in sustaining the motion of the appellees to direct a verdict, and ordering the jury to return same. Motion of appellees to dismiss and affirm the appeal of Carrie Frary, intervener, is sustained.

This case must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.