JOHN HILL, Appellant, v. JOHN ROLFSEMA et al., Appellees.
LLOYD HILL, Appellant, v. JOHN ROLFSEMA et al., Appellees.

No. 44702.

MARCH 7, 1939.

REHEARING DENIED JUNE 23, 1939.

John Paul Jones, for appellants.

Carl E. Patterson, for appellees.

MILLER, J.—These two causes, involving the right to possession of two motor trucks, arise out of one transaction and accordingly have been consolidated for trial, both in the court below and in this court.

Appellants alleged that they are the owners of the trucks, subject only to chattel mortgages in favor of appellee, Rolfsema, who took possession of the trucks, is now holding them, and refused to surrender them to appellants. Appellants further alleged that appellees' mortgages contemplated a usurious rate of interest, that appellants have tendered the balance due appellee, Rolfsema, at a lawful rate of interest, and the tender was refused. The petitions prayed for the issuance of a writ of replevin and judgment for the immediate possession of the trucks.

The answers of appellees contained a general denial. Appellee, Rolfsema, specifically denied that appellants were the owners of the trucks, claimed ownership thereto in himself,

488

denied the mortgages contemplated usury, alleged that appellants were in default, had refused to pay the balance due appellee, and had forfeited any interest in the trucks. Appellee, Rolfsema, also asserted that he took possession of the trucks under the provisions of conditional sales contracts, that appellants were not entitled to possession of the trucks, that they had not tendered the correct amount due thereon, that appellee was willing to deliver the trucks to appellants upon payment of the amount lawfully due therefor; and also denied that appellants had ever made any tender to him. Appellee, Rolfsema, asked that the petitions be dismissed, that he have judgment for costs, and for possession of the trucks.

At the close of the trial, both parties made motions for directed verdicts. The trial court overruled appellants' motion and sustained the motion of appellees. Verdict was returned pursuant thereto and judgment entered against appellants for costs. Appeal has been perfected to this court.

In considering the correctness of the trial court's ruling on the motion for directed verdict of appellees, we, of course, are obliged to consider the evidence in its most favorable light in favor of appellants.

So considering the evidence, it appears that the two trucks were purchased by appellants in May 1936; conditional sales contracts were entered into under the terms of which the purchase price of each truck was in excess of $1100. The notes and conditional sales contracts were assigned with recourse by the original dealer to the C. I. T. Corporation. Appellants made default and voluntarily stored their trucks with the C. I. T. Corporation, pending the refinancing of the obligations. Appellants arranged through appellee, Beedle, to secure a refinancing of the trucks by appellee, Rolfsema. Pursuant thereto Rolfsema delivered to Beedle a check, Exhibit D, payable jointly to appellants and the C. I. T. Corporation. The check was for $492.21, of which sum $249.73 represented the balance due the C. I. T. Corporation on the conditional sales contract of appellant, L. D. Hill, and $242.48 represented the balance due on the contract of appellant, John Hill. The check was delivered to Beedle in November 1937. Under date of November 15, 1937, appellant, L. D. Hill, executed a conditional sales contract in favor of appellee, Rolfsema, covering his truck, pursuant to which he agreed to pay Rolfsema $358, in ten monthly installments of

$35.80 each. Under the same date appellant, John Hill, executed a conditional bill of sale on his truck in favor of Rolfsema for $351, payable in ten monthly installments of $35.10 each. Each of these conditional bills of sale was acknowledged and recorded on November 23, 1937. On the following day the check, Exhibit D, duly endorsed by appellants, was delivered by Beedle in the presence of appellants to the C. I. T. Corporation, and the conditional sales contracts, held by that corporation, were cancelled as paid. The notes and contracts were turned over to Beedle, who subsequently surrendered them to appellants. The C. I. T. Corporation did not give Rolfsema a bill of sale. The only evidence he has of the transaction is his cancelled check, Exhibit D, and the two conditional sales contracts executed by appellants.

In addition to the amount paid to the C. I. T. Corporation, Rolfsema also paid for the insurance on appellants' trucks, being $28.60 for each appellant. Accordingly, the total amount invested by Rolfsema amounted to $549.41. The amount called for by the two conditional sales contracts, executed by appellants, amounted to $709. The difference between the amount paid and the amount payable, $149.59, being payable over a period of ten months with the principal reduced monthly, obviously represented more than the legal rate of interest on $549.41. Appellants contend that the transaction was a refinancing of the indebtedness to the C. I. T. Corporation so that the excess, over and above the amount paid by Rolfsema, must be considered as interest, and, therefore, constituted usury under the provisions of section 9404 of the Code. However, under the provisions of section 9407 of the Code, even though it be determined that the rate of interest would be usurious, Rolfsema was entitled to the return of the principal invested by him, subject to a penalty of eight per cent thereof in the event he undertook to collect the same through proceedings in court.

Appellants each made one payment to Rolfsema due in December 1937, and defaulted on the January 1938 payments. In February 1938, appellants delivered the trucks to Beedle under an arrangement with him to undertake to again refinance or sell the trucks, and, if he was successful in selling them, to pay Rolfsema the amount due him and to pay appellants the balance, if any, thereafter remaining.

490

Rolfsema secured the trucks from Beedle and wrote letters to appellants which are dated March 1, 1938, but appear to have been mailed on March 14, 1938. The letter to appellant, John Hill, provides as follows:

"This is to inform you that this day I have repossessed your 1936 federal truck that I hold a mortgage on, and unless the account is paid in full by the first day of April, 1938, it will be sold to close the account."

In response to such demand by Rolfsema, appellants testify that they took $550 to Beedle and offered it to him, as agent for Rolfsema, to discharge their obligations to Rolfsema. They testified that Beedle called Rolfsema on the telephone and communicated to him the offer made by appellants but that Rolfsema refused the offer, insisting upon payment under the terms of the conditional sales contracts. Beedle disputes this testimony and Rolfsema denies it.

The evidence being in conflict, we are required to consider it in the most favorable light to appellants. So considering it, it would appear that appellants were in default to Rolfsema, and, in response to a demand from him for a settlement of their obligations to him, they tendered him, through Beedle, $550, which tender was refused, and, upon its refusal, these actions were brought in replevin to secure possession of the two trucks.

As above pointed out, even if we are to consider the contracts usurious, appellants still owed Rolfsema the balance of the principal invested by him to refinance appellants' obligations. Accordingly, Rolfsema's conditional bills of sale secured a legal debt, the amount thereof being disputed. When appellants defaulted in their payments to Rolfsema, he was entitled to possession of the trucks. General Motors Acceptance Corp. v. Koch, 225 Iowa 897, 281 N. W. 728. He would also be entitled to possession, in the event of such default, even were we to consider the conditional bills of sale to be mortgages, as contended by appellants. Section 10014 of the Code.

Appellants base their right to possession on the testimony of a tender and refusal. The making of the tender did not discharge the debt. Mohn v. Stoner, 11 Iowa 30. Also, the tender is of no avail to appellants because it was not kept good. In the case of Long v. Howard, 35 Iowa 148, an action of replevin was brought for certain property on which the defend-

ant had a chattel mortgage. The evidence showed that the amount due the defendant had been tendered and refused. The tender, however, was not maintained during the trial. The trial court permitted the case to go to the jury, which returned a verdict for the plaintiff. On appeal, the judgment was reversed, this court stating at page 150, as follows:

"But in this action the plaintiff pleads a tender, and it devolved upon him to show that he had done everything necessary to constitute a valid tender. It is not incumbent upon defendant to prove a refusal upon the part of plaintiff to maintain, the tender. The plaintiff must show affirmatively that he has kept it good. A failure at any time to so maintain it, or to bring. the money into court ready to be delivered to defendant if·he would receive it, vitiates the tender from its inception, and places the plaintiff in the exact position he would have occupied if no tender had been made."

In addition to the foregoing, this court has recently overruled the inference asserted in Hunt v. Winkel, 55 Iowa 623, 8 N. W. 484, and has held that a purchaser, once in default, does not have the right to repossess the property, after a tender of the balance due, because the tender does not constitute redemption. Smith v. Russell, 223 Iowa 123, 272 N. W. 121.

The decision of the trial court was right. The judgments· are affirmed.—Affirmed.

MITCHELL, C. J., and BLISS, HALE, HAMILTON, STIGER, OLIVER, and SAGER, JJ., concur.