TROPICAL STATE BANK v. SUNSHINE MOTOR COMPANY, INC., and American Investment & Mortgage Co.

188 Sou. 595

Division A.

Opinion Filed May 2, 1939.

Rehearing Denied May 17, 1939.

704

*Treadwell & Treadwell,* for Appellant.

*William B. Bond* and *W. W. Whitehurst,* for Appellee.

THOMAS, J.—Pertinent allegations of the bill of complaint are that Sunshine Motor Company executed a chattel mortgage to complainant encumbering two automobiles to secure a promissory note for money lent. American Investment & Mortgage Company was made a party defendant because of the belief of complainant that under a trust agreement between defendants the pledged property was held in trust by Sunshine Motor Company for American Investment & Mortgage Company, the owner, and was not to be sold by the former except with the latter's consent and for cash. The trust agreement was said to fix the sale price, and to be evidenced by a note, the terms of which were unknown. Under the agreement, proceeds of any sale were to be held in trust and remitted promptly to American Investment & Mortgage Company. The property was not to be mortgaged and was returnable to the owner on demand.

It is averred that before the execution of mortgage and note to complainant "there had been issued by the Motor Vehicle Commissioner of the State of Florida" a certificate

that title was vested in Sunshine Motor Company free of encumbrances. At the time. of · the transaction, between complainant and the defendant Sunshine Motor Company the latter was in possession of the automobiles in its place of business in Sebring, Florida, where it was the recognized *dealer* for such cars.

It is asserted that the loan was made in ignorance of the trust agreement and in reliance upon the apparent ownership of the mortgagor, despite the above allegation that one of the defendants was recognized as a dealer, a designation which gave this defendant a definite status, and one which is, in the light of decisions we will cite, wholly inconsistent with outright ownership.

Relief sought was sale of the pledged cars to satisfy the debt. The chancellor held the bill insufficient and dismissed it on motion.

Appellant's contention is. that a fraud has been perpetrated by Sunshine Motor Company, and that the.loss therefrom must fall upon American Investment & Mortgage Company because that company placed the mortgagor in position to make the fraud possible.

We have examined the cases cited in support of this theory, but fail to find in them facts analogous to those given in the transcript. It would be useless to indulge in a prolonged discussion of these authorities, but we will endeavor to point out the distinction between those cases and the one we are deciding.

In Edwards v. Baldwin Piano Co., 79 Fla. 143, 83 South. Rep. 915, the ruling was that a bona fide purchaser acquires good title against a conditional vendor where the goods are delivered for resale, although the conditional sale would be valid as to said vendor and his vendee and the creditors of the latter.

The expressions of the court in Glass v. Continental

Guaranty Corporation, 81 Fla. 687, 88 South. Rep. 876, substantiate appellant's assertion with reference to the bearer of the loss where one of the two innocent parties may suffer by the fraudulent act of a third, and also that regardless of a secret trust agreement between a dealer and his financial backer, a bona fide purchaser would not be defeated in his right to the property bought.

Again in Commercial Credit Company v. Parker, 101 Fla. 928, 132 South. Rep. 640, apparent comfort is found by appellant because it was stated there that while possession of personal property is only *prima facie* evidence of title, and the true owner may recover where the possessor held under a retain title contract, purchaser, who paid value to dealer without notice of restrictions in the original delivery to his vendor, received good title.

This, likewise, is the effect of the decision in Boice v. Finance & Guaranty Corporation, 127 Va. 563, 102 S. E. Rep. 591, 10 A. L. R. 654.

From casual examination of the cases we might conclude that the principles announced would be applicable here, but, upon scrutiny, there seems a vast difference because of a distinction between a sale by a dealer and a pledge by him. It is quite logical for one to assume that when he enters a place where automobiles are sold and buys one, paying therefor in cash or by the execution of a retain title contract, a procedure with which most of us are familiar, he will receive the vehicle free of any cloud upon its title by reason of a private arrangement between the dealer and the manufacturer.

This situation differs entirely from one where the dealer approaches a banking company seeking a loan and offers a pledge of such stock as security. In the one case the consignee, as agent or factor according to various decisions cited, acts for his principal in the sale of the articles, and

if he fails to remit the loss falls upon the principal. In the other case he attempts to encumber that which obviously he is appointed to sell, and the lender should be wary of the condition of title. This seems to place no undue burden on him who would take the goods as security, for the name of the manufacturer of the product can be determined and information therefore readily obtained.

"It was the rule at common law that a pledge or mortgage of property held by the factor for sale, made by the factor to secure his individual indebtedness, could not be enforced against the owner of the goods, though the pledgee or mortgagee had no notice of the fact that the factor did not in fact own the goods, and took the mortgage or pledge on the faith of his belief that the factor was the owner, unless the owner of the goods, by some acts other than the mere delivery of possession of the property to the factor had estopped himself from denying the right of the factor to treat the goods as his own. McCready v. Gaines, 55 Tex. 488, 492, 40 Am. Rep. 818; Renfroe v. Hall, 202 S. W. 218, a decision by this court not yet officially reported; Warner v. Martin, 11 How. 209 13 L. Ed. 673; Mechem on Agency (2nd Ed.), Secs. 2509, 2511, 897; R. C. L. vol. 11, p. 761; C. J. vol. 2, Agency Sec. 68." Chase-Hackley Piano Co. v. Clymer (Tex. Civ. App.) 202 S. W. Rep. 214.

Nothing appears in the bill to show any act on the part of American Investment & Mortgage Company to perpetrate a fraud, and the trust agreement seems to have been a legitimate means of transacting business of the nature described, thus estoppel is absent.

In General Motors Acceptance Corporation v. Hupfer, 113 Neb. 228, 202 N. W. Rep. 627, it was reported that cars were sent to consignee for display and by complying with the provisions of a receipt he could have become owner. While the goods were in this status consignee

mortgaged them and the court held the relationship to be that of bailor and bailee and that the owner could recover in replevin.

The element of estoppel was mentioned also in Globe Securities Co. v. Gardner Motor Co., Inc., 337 Mo. 177, 85 S. W. Rep. (2nd) 561, where it was held that a bailor could assert his title against the mortgagee of goods held by the bailee or agent for sale. We consider the facts to be the same as those alleged in complainant's bill, except for the existence of a certificate of title; however, it is not charged that the bailor or consignor had any part in securing the issuance of it. See also McGraw v. Henry, 83 Mich. 442, 47 N. W. Rep. 345, and Warner v. Martin, 11 How. (U. S.) 209, 13 L. Ed. 667.

Without doing violence to the principle of law that where two innocent persons suffer from the wrongdoing of another, he who makes the misdeed possible must bear the loss, we hold that manufactured articles sent to a consignee for sale may not be pledged by the consignee and the title of the consignor defeated under the state of facts relevant to the allegations of the bill of complaint, although a bona fide purchaser would take good title.

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.