TILLMAN v. BOWMAN, ADM'R.

1. **Estates of Decedents:** ADJUDICATION OF CLAIM AGAINST: JURIS-DICTION. The adjudication of a claim against an estate is to be deemed a part of the settlement of the estate, of which the circuit court has exclusive jurisdiction.

ADAMS, CH. J., *not concurring.*

*Appeal from Pottawattamie District Court.*

SATURDAY, MARCH 20.

ACTION UPON A CERTIFICATE OF DEPOSIT. The defendant demurred to the plaintiff's petition, and the demurrer was sustained. From the ruling upon the demurrer the plaintiff appealed.

*D. B. Dailey* and *Walter I. Smith,* for appellant.

*Sapp & Pusey, W. H. Ware* and *Robert Percival,* for appellee.

ADAMS, CH. J.—The petition showed that the certificate of deposit was executed by a banking firm which was at that time doing business in Mississippi, and was composed of one John A. Kline and one George M. Kline; that John A. Kline had died, and the defendant Bowman had been appointed administrator upon his estate in Iowa. The defendant demurred upon the ground that the district court in which the action was brought had no jurisdiction, for the reason that by statute the jurisdiction to adjudicate upon claims against an estate like the one in question had been conferred upon the circuit court, and had been made exclusive. The defendant relies upon section 2312 of the Code, which provides that "the circuit court of each county shall have original and exclusive jurisdiction     *     *     *     of the settlement of estates of deceased persons." The question

presented is as to whether the mere adjudication of a claim against an estate is to be deemed a part of the settlement of the estate.   In the opinion of the majority it is.   The writer of this opinion thinks that it has been virtually settled adversely to this view in *McCrary v. Deming*, 38 Iowa, 531, and *Crane v. Guthrie*, 47 Iowa, 544; but, the majority thinking otherwise, the ruling of the court in sustaining the demurrer must be

AFFIRMED.