AT

DUBUQUE, APRIL TERM, A. D. 1886,

IN THE THIRTY-NINTH YEAR OF THE STATE.

---

PRESENT:

Hon. AUSTIN ADAMS, Chief Justice.
" WILLIAM H. SEEVERS,
" JOSEPH R. REED,  } Judges.
" JAMES H. ROTHROCK,
" JOSEPH M. BECK.

---

## SHROPSHIRE v. LONG.

1. **Circuit Court:** JURISDICTION TO CHANGE PROBATE RECORD IN OTHER COUNTY. The circuit court of one county has no jurisdiction to make an order or decree setting aside the final report of an administrator, and the order approving the same, in another county of the circuit.

2. **Receipt:** AS EVIDENCE OF PAYMENT: NOT CONCLUSIVE. A receipt given to an administrator for the payment of a claim against the estate is not conclusive evidence of payment; and where payment has not in fact been made the estate is still liable, notwithstanding the receipt.

3. **Administrator:** FRAUD UPON CLAIMANT: LIABILITY. An administrator who, without the payment of a claim against the estate, by artifice procures a receipt from the claimant, does not become personally liable for the claim; but he remains liable as administrator, notwithstanding the receipt.

*Appeal from Jasper Circuit Court.*

TUESDAY, APRIL 20.

THE plaintiff, Loretta Shropshire, is administratrix of the estate of J. S. Long, deceased, and the defendant is administrator of the estate of Jeremiah Long, deceased. Her petition shows, in substance, that the defendant's intestate, in his life, owed her intestate, and that the indebtedness was evidenced by promissory notes; that the defendant's intestate died first, and her intestate filed the notes as a claim against the defendant's intestate's estate, which was done in the circuit court of Mahaska county, where the administration was pending; that the claim was allowed, but that plaintiff had no knowledge of the same; that the defendant, as administrator, held sufficient funds to pay, but, intending to defraud her, concealed from her the fact that a claim had been allowed against the estate which he represented, and in favor of her intestate, and without paying the same to her, or any part thereof, fraudulently induced her to sign a receipt virtually acknowledging payment, which receipt he filed in the circuit court of Mahaska county as a voucher showing a payment of the claim by him, and was allowed therefor in approval of his final report; that before approval, however, she appeared in the circuit court of Mahaska county, and objected to the approval of the report, basing her objection upon the fact that she had not been paid, and that the receipt purporting to be signed by her, and filed by the defendant as a voucher, was obtained by fraud; that upon the hearing her objection was overruled, and the credit falsely and fraudulently taken by the defendant was allowed to stand; that the order of that court, however, does not constitute an adjudication against her, because both she and the defendant were residents of Jasper county, and the court had no jurisdiction. She therefore brings this her action in equity in the circuit court of Jasper county, and asks that the report filed in the circuit court of

Mahaska county be set aside, and that she have judgment against the defendant for $1,000. The defendant demurred to the plaintiff's petition, and the demurrer was sustained. The plaintiff elected to stand upon her petition, and the court dismissed the same.

*Ryan & McElroy*, for appellant.

*Cook & Patterson*, for appellee.

ADAMS, CH. J.— The circuit court of Jasper county has no jurisdiction to make any order or decree changing the records of the circuit court of Mahaska county, and we do not understand the plaintiff's counsel as seriously insisting that it has. Their contention is that, upon the facts stated, they were entitled to a judgment against the defendant, not as administrator, but personally. But, in our opinion, their position cannot be sustained. Her claim, it would be conceded, was originally against the the estate, and nothing but payment, it seems to us, could properly extinguish it. The receipt signed by her did not extinguish it. It was, to be sure, evidence of payment; but it was subject to be explained and rebutted. If she was not paid, as she avers, it was her right to go into the circuit court of Mahaska county and obtain an order of payment, and she may do so now if it is not too late, and if she is not barred by the adjudication already had. Now, as her claim remained against the estate notwithstanding the receipt, the defendant is liable only as administrator, and, that liability, involving nothing but the question of payment, can, we think, be adjudged only in the forum of the administration. The question pertains to the settlement of the estate, and that court has exclusive jurisdiction.

We think that the demurrer was correctly sustained.

AFFIRMED.