L. F. PROUTY et al., EXECUTORS, v. MARY E. MATHESON et al., Appellants.

Legatees: ADJUDICATION. Where a legatee asked that her share in the decedent's estate be ascertained and paid, and alleged that no deductions for advancements should be made, and the executors asked that so much of her share as was necessary be used to pay notes of the decedent secured by mortgage against her, the validity of the notes and mortgage was fairly presented for determination without her objection, and the judgment was *res judicata* against her in a subsequent foreclosure of the mortgage.

**Foreclosure:** PROBATE JURISDICTION. Under Code, 1873, sections 2312, 2379, 2408, *et seq.*, as amended, giving the district court jurisdiction to settle estates and to determine the validity of claims against them, it had jurisdiction to determine the validity of mortgages held by the decedent against legatees, though it could not decree their foreclosure.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

MONDAY, JANUARY 23, 1899.

ACTION in equity to recover the amount alleged to be due on certain promissory notes, and to foreclose mortgages executed to secure their payment. The defendants pleaded several defenses. There was a hearing on the merits, and a decree in favor of the plaintiffs. The defendants appeal.—*Affirmed.*

*A. W. Askwith* for appellants.

*N. M. Pusey* for appellees.

ROBINSON, C. J.—The plaintiffs are executors of the estate of William Garner, deceased, and the defendant Mary E. Matheson is one of his daughters, and the defendant Henry C. Matheson is her husband. On the first day of June, 1885, the defendants made to the order of W. B. Somers their promissory note for the sum of two thousand five hundred dollars, payable five years after its date, and a trust deed on one hundred and ninety and one-half acres of land owned by Mrs. Matheson, to secure its payment. On the same day the defendants executed to J. W. Squire, trustee, their two mortgage notes, each of which was for the sum of one hundred and eighty-seven dollars and fifty cents, one payable May 1, 1886, and the other one year later. Squire was also the trustee named in the trust deed. In September, 1887, the payee of the notes and the trustee duly transferred to Garner the three notes, and the mortgages given to secure their payment, and an assignment of the trust deed was recorded on the twenty-

ninth day of the same month. In March, 1892, Garner died testate. By his will he made provisions for his wife, a sister, and several children, including Mrs. Matheson. Her share was given to her to be used during her natural life, and at her death it was to go to her children. The will also contained the following: "I also direct my administrators hereinafter mentioned not to render any widows or orphan children or disabled persons homeless in settling up my estate." The plaintiffs seek to recover the amount due on the notes described, and to foreclose the mortgages given to secure their payment. The defendants admit the making of the notes and the execution of the mortgages, and aver that the decedent did not purchase the notes and mortgages, but paid them, and at the time intended that the payment should be a gift to Mrs. Matheson, which she at the time accepted. The defendants further allege that Mrs. Matheson is a disabled person, and that the foreclosure of the mortgages would render her homeless, and is therefore forbidden by the terms of the will. The district court found and adjudged that the notes and mortgages were valid obligations of the defendants, but that it was the intention of the testator not to charge Mrs. Matheson with interest, and rendered a decree in favor of the plaintiffs for two thousand eight hundred and seventy-five dollars, and foreclosing the mortgages, but provided that execution should not issue until the further order of the court; that Mrs. Matheson might apply to the probate court for an order permitting her to apply on the judgment that part of the estate of the decedent to which she was entitled.

I. In reply to the answer, the plaintiff's pleaded a former adjudication. It appears that in November, 1892, Mrs. Matheson filed, in the probate court having jurisdiction of the settlement of the estate of the decedent, a petition in which she claimed to be entitled to one-eleventh of his estate; that the provision of the will which referred to her share was void for uncertainty; and that the executors claimed that she was not entitled to her full share, on the

ground that the testator had made advancements to her. But the petition averred that the will expressly gave to the petitioner a full share, equal to that of the other heirs, without any deduction therefrom, and asked that the executors be directed to pay her one-eleventh of the estate. The executors filed an answer to the petition, in which they alleged the giving of the notes and mortgages involved in this action, and that Mrs. Matheson was indebted to the estate for the amount thereof. They asked that the will be sustained so far as it concerned the rights of Mrs. Matheson, and, if she was found to be entitled to participate in the distribution of the moneys and effects of the estate, that the executors be authorized to apply her share, so far as necessary, to the payment of the notes. The probate court found and adjudged that the notes and mortgages were duly assigned to the decedent in September, 1887; that at the time of his death he held them as a claim against Mrs. Matheson and her husband; that they were not advancements, but were assets of the estate. The executors were ordered to collect the notes, and, if not paid, to institute foreclosure proceedings to enforce payment. That adjudication was not excepted to, and appears to have been final.

2     It is insisted by the appellant that the probate court lacked jurisdiction to render judgment against Mrs. Matheson on the notes, and to decree a foreclosure of the mortgages; hence that there was no valid adjudication of the matters in controversy in this action,—citing *Goodnow v. Wells,* 67 Iowa, 654. That case does not, however, support the claim of the appellants. It states that the relief there sought by one of the parties was the enforcement of a lien, which could not have been obtained in probate proceedings; but it was also said, in effect, that, as the court in which the proceedings were commenced had jurisdiction of the parties and the subject-matter of the action and could have entertained a proceeding for the allowance of the claim, as was done in probate cases, an objection made after the claim had been adjudicated was too late; that it was simply the case of the prosecution of an

action by wrong proceedings. See, also, *Baugh v. Barrett,* 69
Iowa, 495. The Code of 1873, as amended, gave to the dis-
trict court of each county jurisdiction of the settlement of the
estates of decedents, and power to ascertain what personal
property belonged to such estates, and the validiy of claims
against them. Sections 2312, 2379, 2408, *et seq.*; *Tillman
v. Bowman,* 68 Iowa, 450. By her petition in probate, Mrs.
Matheson asked that her share in the estate of the decedent be
ascertained and fixed, and alleged that no deductions for
advancements should be made. The executors asked that the
notes and mortgages now in suit be considered, and, if Mrs.
Matheson was found entitled to a share of the estate, that so
much of it as was necessary be used to pay the notes. Under
the issue formed, the question of the validity of the notes and
mortgages, as obligations of Mrs. Matheson to the estate, was
fairly presented for determination, and, so far as the record
shows, without objection on her part. All the competent evi-
dence upon which she now relies to show payment of the notes
as a gift to her, and her acceptance of the gift, could have been
offered in the probate proceedings. It was said in *Hahn v.
Miller,* 68 Iowa, 745, that "the most infallible test as to
whether a former judgment is a bar is to inquire whether the
same evidence will maintain both the present and the former
action." See, also, *Hawk v. Evans,* 76 Iowa, 593. It is well
settled that a party cannot relitigate in a second action mat-
ters which were incident to, or involved and might have been
litigated in, the first one. *Keokuk Gaslight & Coke Co., v.
City of Keokuk,* 80 Iowa, 137; *Smith v. Baldwin,* 85 Iowa,
570. Mrs. Matheson not only asked that her share in the
estate be fixed at one-eleventh of all of it, but she asked that
the executors be required to pay that share to her. It is
clear that, if she was indebted to the estate, the amount of
such indebtedness should have been ascertained, and deducted
from the amount to which she was entitled. Although the
probate court could not decree a foreclosure of the mortgages,
it had the power to determine what amount the executors

should pay to Mrs. Matheson, and was necessarily required to take notice of her indebtedness to the estate, for the purpose of protecting it against unjust payments. It was certainly proper for the probate court to determine whether the notes constituted a valid claim of the estate against Mrs. Matheson, and to order that proper steps be taken to enforce the claim. We conclude that the plea of the former adjudication is sustained.

II. Notwithstanding the conclusion already stated, we have carefully examined the evidence, and conclude therefrom that, if the plea of a former adjudication be disregarded, the result must be the same. Much incompetent evidence was submitted, but the competent evidence shows that the decedent did not intend to pay the notes and satisfy the mortgages by his purchase of them, but that he intended to hold them as a valid claim against the defendants, in part to prevent the giving of other mortgages upon the mortgaged property, and thus secure to the daughter a home. He had distributed a considerable amount of property among his heirs prior to his death, giving to each an amount in value substantially the same as that given to every other one, and Mrs. Matheson had received her full share. She appears to be somewhat disabled physically, but there is no ground for claiming that the foreclosure of the mortgages will deprive her of her home. The decree of the district court is fully sustained by the evidence, and it is AFFIRMED.