IN RE GUARDIANSHIP OF WILLIS BUCK, Insane, Dallas County, Appellee, v. S. M. THORNLEY, Guardian, Appellant.

**Insane person:** CLAIMS: TRIAL BY JURY.   The guardian of an insane person has no right to a jury trial of a claim filed in the probate court against the estate of his ward for his support by the county.

**Same:** SUPPORT: EVIDENCE OF EXPENSE.   An estimate of the cost of supporting an insane person by the county, based upon the expense of keeping all the patients, is competent evidence in proof of a claim for such support.

**Same:** COUNTERCLAIM FOR SERVICES.   On the trial of a claim filed by a county in guardianship proceedings for the care and support of an insane ward, evidence that the work done by the ward was under the immediate care of an attendant and at the

direction of the State Board of Control in view of his condition, was sufficient to support a finding that his labor was not greater than required for his physical welfare, and was performed with this end in view, rather than as a benefit to the county.

*Appeal from Dallas District Court.*—HON. EDMUND NICHOLS, Judge.

TUESDAY, NOVEMBER 24, 1908.

DALLAS County presented a claim for the expense of keeping Willis Buck, insane, against his guardian, Thornley. The claim was denied by the guardian, and on the issues joined the case was tried to the court resulting in the establishment of the claim. The guardian appeals.— *Affirmed.*

*Giddings & Winegar,* for appellant.

*White & Clarke,* for appellee.

DEEMER, J.—Willis Buck, who is incurably insane, has been kept by Dallas County upon its poor farm for several years. S. M. Thornley is the guardian of Buck and has in his possession as such $440. In December of the year 1906, the county filed a petition in the guardianship proceedings, alleging that it had kept Buck for more than five years, and that the reasonable cost and expense of his maintenance was the sum of $100 per year. It asked that its claim be allowed, and that an order be made on the guardian to pay over to the county the amount in his hands. The guardian filed an answer, in which he alleged that his ward had, under the direction of the superintendent of the county hospital, performed work as a farmer and common hand upon and about the county farm for the entire five years, and that his services were

reasonably worth the sum of $200 per year. For reply to this answer, the county admitted that Buck did perform work about the county farm, but averred that this was done under the rules and directions of the board of control of State institutions, and for the benefit of the patient's health, and that he did no more than was necessary for his health and personal good of body and mind. The guardian moved to transfer the case on the issues thus joined to the law docket, and, when the case was called, demanded a jury; but both requests were denied. Of this complaint is made.

There is no merit in the contention. The claim was filed in the guardianship proceedings and was not triable to a jury. *Duffield v. Walden*, 102 Iowa, 676. The district court, as a court of probate, had jurisdiction of the guardianship, and that court alone had authority to order the guardian to pay over the money in his hands. *Brewer v. Stoddard*, 49 Iowa, 279. No provision exists for the trial of such matters to a jury, and, in the absence of such an enactment, there is no right to a jury trial. *Coffin v. Eisminger*, 75 Iowa, 30. Moreover, section 2297 of the Code provides that the estates of insane persons shall be liable to the county for the reasonable expense of their care and support, and, as no provision is made for a jury trial in the matter, no right thereto exists. *Duffy v. Duffy*, 114 Iowa, 581. See, also, *Mock v. Chalstrom*, 121 Iowa, 411; *Gilruth v. Gilruth*, 40 Iowa, 346; *Gressly v. Hamilton Co.* 136 Iowa, 722. We are not to be understood as holding that a probate court has exclusive jurisdiction of such matters. That it does not have is pointed out in *Flock v. Wyatt*, 49 Iowa, 466. The claimant may adopt either remedy, and, having gone into the probate court, the guardian had no right to a jury trial. There is no claim of want of jurisdiction and no suggestion of want of proper parties. The sole question here presented is as

1. Insane persons: claims: trial by jury.

to the right of a guardian to have a jury trial upon a claim presented in the probate court.

II. It is argued that there is no competent testimony as to the reasonable expense of the care and keep of Buck. There was testimony from a member of the board of supervisors as to this matter, and, while he did not profess to give the charges or expenses applicable to Buck alone, he did make an estimate based upon the expenses of keeping all the patients, and found that the expense for each was approximately $8.33 1-3 per month, or $100 per year. We do not know how the matter could be arrived at in any other way and believe the testimony competent.

2. Same: support: evidence of expense.

III. The only other point in the case, and the one most relied upon by appellant, is that, according to the testimony, Buck was no expense whatever to the county, in that he did more work and rendered services for the county which were more valuable than his care and keep. On the other hand, it is insisted that what he did in the way of labor was under the direction of the board of control, and no more than was necessary to keep him in health. The weight of the testimony shows that Buck worked about the county farm and made "about half a hand," and that the usual wages for full time during the period covered by our inquiry was from $20 to $25 per month in addition to his board. It also appears that Buck required constant watching, that an attendant was with him at all times, that his ailment was such that it was better for him to work, and that work was required of him by direction of the board of control of State institutions. The trial court was justified in finding that the work done by Buck was not greater than was necessary for his physical well-being, and that it was performed with this end in view, rather than as a benefit to the county. This finding of the court has the force and effect of the verdict of a jury, and

3. Same: counterclaim for services.

should not be disturbed unless it be shown to be without substantial support in the testimony.

The law of the case is settled in *Marshall Co. v. Lippincott,* 137 Iowa, 102, decided since the trial in the district court, and under ·the rules there announced there was no error committed by the trial court.—*Affirmed.*