A. R. FRAZIER, Administrator, et al., Appellants, v. B. J. WOOD, Administrator, et al., Appellees.

No. 41272.

APRIL 5, 1932.

Wright & Baldwin, George S. Wright, Addison G. Kistle, and Paul E. Roadifer, for appellants.

Bolter & Murray, for appellees.

EVANS, J.—May Hill died testate on December 4, 1930, leaving property to the amount of $48,000. In 1892, pursuant to the will of her father, she received from his estate $5732.00. It is averred in the petition of plaintiffs that she took said property subject to a condition subsequent, to wit, that she should leave issue surviving her; that she died without issue and thereby breached the condition; that under the will of her father, James W. Read, the property received by her under his will reverted to his estate. His only surviving heirs are the plaintiffs James W. Read and Mattie Frazier. Plaintiff A. R. Frazier was appointed administrator *de bonis non* of the estate of James W. Read, deceased. The three plaintiffs join in asserting the claims of the two surviving heirs to take the entire estate of May Hill. May Hill left a will whereby she devised her entire estate. Before the admission of the will to probate, the court, upon the application of the plaintiffs, appointed defendant B. J. Wood as special administrator of her estate with power to take and manage and preserve the property of said estate under the direction

of the court. The other defendants named are all beneficiaries of the will of May Hill. The foregoing presents the outlines of the major controversy between the parties. This major controversy is not before us for decision. The narrow question presented to us is whether the district court committed error in refusing to appoint a receiver, as prayed by the plaintiffs. The major controversy is to be considered only for the light it may shed upon this narrow question. The record has its confusions. The case before us is in Equity, and not in Probate. The appellees have filed an additional abstract setting forth all the proceedings of the court had at the same time, both in the Equity proceeding and in the Probate proceeding. From such record it appears that at the time of the hearing on the application of the plaintiffs, the same judge entered certain probate orders, which bore directly upon the issue herein; that he entered an order in Probate continuing B. J. Wood in office as special administrator and directing that he take possession and control of all the real estate and that the personal property be turned over to W. N. Graves, the executor nominated in the will, and appointed by the court. Following the entry of such order in the Probate Docket he entered this order in the Equity proceeding from which this appeal has been taken. The appellants strenuously insist that their own abstract is complete and is confined strictly to the Equity proceeding and that we have no right to consider the collateral matters set forth in the additional abstract of appellees. The jurisdiction of the Probate court over the estate of May Hill and over the estate of her father, was complete. The equity court could not, and would not, challenge or ignore such jurisdiction. The same judge sat in each jurisdiction with both dockets before him and with the same litigants contending for the same rights in each jurisdiction. To what extent we, as an appellate tribunal, may divide the Equity and the Probate functions of the same judge, so that the Equity judge may know nothing of the Probate proceeding, and the Probate judge know nothing of the Equity proceeding,—is a puzzle *sui generis*. Nevertheless the appellants are undoubtedly entitled to present for our consideration the single question propounded by them, narrow though it be, and we shall devote our first attention thereto.

I. The application for a Receiver was predicated upon Section 12713 of the Code, which is as follows:

"12713. *Appointment.* On the petition of either party to a civil action or proceeding, wherein he shows that he has a probable right to, or interest in, any property which is the subject of the controversy, and that such property, or its rents or profits, are in danger of being lost or materially injured or impaired, and on such notice to the adverse party as the court or judge shall prescribe, the court, or, in vacation, the judge there-- of, if satisfied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property under its direction during the pendency of the action, and may order and coerce the delivery of it to him."

Because the plaintiffs' application complied in form with all the requirements of the foregoing statute as a ground for appointing a receiver, and because no written resistance thereto was filed by the defendants, as distinguished from oral resistance by counsel, and because the allegations of the application are supported by affidavit, the appellants contend that the denial of the application was a defiance of the statute. It will be noted from a reading of the statute that it confers power on the court to appoint a receiver on the grounds therein stated. It is not mandatory at any point. On the contrary it is broadly discretionary. The sole question therefore is: Did the court abuse its discretion? The burden rests upon the appellants here to show that such denial of application was an abuse of discretion. The mere fact that it denied an application which was sufficient in form, is not sufficient to show such abuse upon the record presented by them. In the consideration of that question, we must take judicial notice of the fact that the same judge was exercising the probate jurisdiction over the estates. He necessarily knew what orders had been entered on the probate docket and whether there was any real need of the assertion of the equity jurisdiction, as distinguished from the probate. The omission of allegation in plaintiffs' petition concerning the probate records might be justified on the ground that the court would take judicial notice of them without such allegation. The allegations of the plaintiffs could not be strengthened by merely drawing a

curtain over the probate procedure. For the purpose of review on appeal to this court, we must presume that the probate proceeding was pending before the same court and that the probate power was adequate to the protection of all parties in interest and that the adverse order of the court in the equity proceeding might have its justification in the procedure already had in the probate proceedings. It devolved upon the plaintiffs to negative such presumption in order to obtain a reversal here as for abuse of discretion.

No abuse of discretion is apparent upon the narrow record presented by the appellants. On the other hand the record presented by the appellees discloses matters that were within the judicial notice of the court and affirmatively supports the order of the court.

Such order is accordingly—Affirmed.

WAGNER, C. J., and MORLING, KINDIG, and GRIMM, JJ., concur.