IN RE APPEAL OF B. J. WOOD.

B. J. WOOD, Appellant, v. W. N. GRAVES, Executor, Appellee.

No. 41258.

JUNE 24, 1932.

Bolter & Murray, for appellee.

Wright & Baldwin, Geo. S. Wright, Addison G. Kistle, and Paul E. Roadifer, for appellant.

WAGNER, C. J.—May Hill died December 4th, 1930, leaving an instrument purporting to be her last Will and Testament, and having in her possession a considerable amount of moneys and credits and other personal property. There was also a considerable quantity of real estate, the legal title to which stood in her name. The decedent left no surviving spouse, and as her only heirs-at-law James Read and Mattie Frazier, children of a brother of the deceased. The devisees in her last will and testament are others than the aforesaid heirs. Interested parties contested the will. While the contest was pending, upon application duly made to the court, B. J. Wood was appointed special administrator of said estate. The order of appointment provides:

"That said special administrator take charge of all personal property of said estate, prepare and file an inventory thereof, and he is hereby ordered to take charge of all real estate, and is authorized to rent the same under order of this Court, and collect the rent, issues and profits therefrom, and to account to this Court therefor."

Wood qualified as special administrator, took possession of both the personal property and real estate, as provided for in the order of appointment, and in due time filed his inventory and report as to his doings in the premises in connection with the personal and real property.

On March 28th, 1931, on application by said special administrator, he was granted an order by the court "to pay all of the taxes assessed against the property and against May Hill, deceased, during the year 1930, and that said payment be made subject to further order of this court upon determination of the

rights of the various claimants to said property, and subject to the further order of this court as to the final ownership of said property, at which time the rights and duties of the several owners as to distribution of the tax so paid may be then determined.''

In accordance with the order granted, the special administrator, in the year 1931, paid from the personal assets in his hands the taxes for the year 1930, in the amount of $2,013.22.

It is claimed by the aforesaid heirs of the decedent, in an action in equity begun in the Harrison County District Court, that the decedent had only a conditional interest in the property which is in the possession of the special administrator, and that the interest of said decedent in all of said property terminated upon her death. It is alleged in said petition in equity that the property now in possession of the special administrator came to the decedent, May Hill, through the will of James W. Read. An administrator *de bonis non* of the estate of James W. Read has been duly appointed, and he and the aforesaid heirs of May Hill, deceased, brought this action in equity against the special administrator and all parties claiming an interest under the will of May Hill, deceased. They allege in the petition that ''the said May Hill received said property as a conditional estate, the condition imposed being that said personal property should be the property of May Hill only upon condition that she die leaving children or issue of children; and that in event that she died at any time, leaving no children or issue of children, that said property should then go to such parties as are the heirs of James Read at that time under the laws of Iowa, then in force and effect.'' They further allege in their petition that a demand has been served upon the said special administrator that he turn over to the administrator *de bonis non* of the James W. Read estate, one of the plaintiffs in said action in equity, all of the property now in his possession as special administrator, and they pray therein that the special administrator be required to turn over the property in his hands to the present personal representative of the estate of James W. Read, deceased. In their petition, they further ask for the appointment of a receiver to take possession of and manage the property pending the litigation. Upon the presentation of that issue, the trial court refused to appoint a receiver, and the action of the Court in that

respect has been affirmed by this court. See Frazier v. Wood, 214 Iowa 237. The remaining issues in the action in equity have not as yet been tried and determined.

On September 7th, 1931, the instrument purporting to be the last will and testament of May Hill, deceased, was admitted to probate and the nomination of W. N. Graves as executor thereof was confirmed by the court, and said executor has duly qualified.

On September 14th, 1931, the special administrator filed a report, fully showing his doings in the premises and stating that, after the payment of the taxes as aforesaid, and the payment of some other small items, he has on hand a balance of $16,716.42. He refers therein to the aforesaid action in equity and avers that a demand has been made upon him by the aforesaid heirs and the administrator *de bonis non* of the James W. Read estate for him to turn over to the administrator *de bonis non* the property in his possession. He further alleges: ''That in view of the foregoing facts, the said special administrator cannot safely turn over to either W. N. Graves (the executor of the Hill estate) or A. R. Frazier, (the administrator *de bonis non* of the Read estate) any part of the property in his hands.'' The executor of the Hill estate filed objections to the report, objecting to the payment of the taxes for the year 1930 out of the money in the hands of the special administrator, claiming that they were not due from the estate, and that the order of the court of March 28th, hereinbefore mentioned, is no protection to said special administrator in the payment of said taxes. In said objections, the executor prays that the special administrator be required to turn over the property, including the amount which he has paid on taxes for the year 1930, to him as executor of said estate. Upon a hearing on said report, and the objections thereto, it was ordered by the court that said special administrator pay and turn over to the executor all of the money and personal property which came into the hands of said special administrator, including all sums of money paid by him for taxes, as shown by his report. Said order further provides that B. J. Wood be continued as special administrator herein and authorizes him to retain charge and control of the real estate and the rents collected, and authorizes him to continue the collection of the rents; orders him to retain and preserve said real estate

and the rents collected, and to be collected, until the further order of the court. It is from this order that the special administrator has appealed. It will be noted that the report made by the special administrator was not in the form of a final report, neither was it so considered by the court; for the special administrator was authorized to continue his services as such special administrator in connection with the real estate and the rents derived and to be derived therefrom. It will be observed that the court, by the order entered, required the special administrator to turn over to the executor the moneys and personal property on hand, as shown by the report, and this in face of the fact that claim had been made upon him that said funds are the property of the estate of James W. Read, deceased, and demand made that he turn the same over to the administrator *de bonis non* of the James W. Read estate, and in face of the fact that the special administrator is a party defendant in the action in equity, brought by the aforesaid heirs and the administrator *de bonis non* of the estate, which has not been tried, in which they allege that the funds in his hands are not the property of the Hill estate, but are the property belonging to the Read estate, and in face of the fact that the special administrator alleges in his report that he can not safely turn over the property in his hands to either the aforesaid executor or the aforesaid administrator *de bonis non*. The action in equity has not been tried; therefore, there has been no adjudication, as between the contending parties, as to who is entitled to the funds in the hands of the special administrator. No notice of the hearing of the aforesaid proceeding in the probate court was served upon the administrator *de bonis non* of the Read estate, nor upon the heirs of the deceased, claiming through the Read estate, nor any other persons who may be interested in the Hill estate. For aught that appears from the record, if the special administrator were compelled to comply with the aforesaid order of the court from which this appeal is taken, he may become doubly liable in the event that the trial of the equity case should result in favor of the plaintiffs in said suit.

The appellee, in justification of the order requiring the special administrator to deliver the property to the executor, relies upon the provisions of Section 11886, Code 1931, which

would be applicable to the situation were it unquestioned that the funds in the hands of the special administrator are the property belonging to the estate of May Hill; but the relevant and material inquiry in the instant case is, Does this property now in the hands of the special administrator constitute property upon which her will can operate? If not, and it should be finally adjudicated that said funds are the property of the James W. Read estate, then said funds, now in the hands of the special administrator, should be paid to the aforesaid administrator *de bonis non* of the Read estate and not to the executor of the Hill estate. It must be borne in mind, that the special administrator is a party defendant to the equity suit in which the plaintiffs are asking that he pay the funds in his hands to the personal representative of the Read estate. An order of court requiring the special administrator to pay over the funds to either one or the other of the contending forces, without a trial as between said contending forces, resulting in a judgment which would be *res adjudicata* between them, is improper. The court should have required this property to be held *in statu quo* until the rights of the contending parties to the funds have been in some manner finally adjudicated.

It is unnecessary for us to determine whether under the facts, the special administrator, relying upon the order of court of March 28th, 1931, was warranted in paying the 1930 taxes from the personal estate; for, should the plaintiffs in the equity suit prevail in their contention, this question raised in the objections of the executor of the Hill estate will become moot. It is not properly before us at this time.

It is apparent that, under the record, the trial court could not in the probate proceeding, without notice to or appearance by the aforesaid heirs and the administrator *de bonis non* of the Read estate, make an order which would adjudicate the matter as to them, and thereby protect the special administrator as against the claims which they are making against the funds and the special administrator in the equity suit. We are equally powerless in that respect. Under the record, the order made by the court below must be set aside and held for naught and the cause remanded to be determined in the trial court after a trial of the issues in the equity cause, or at a hearing in the forum in which all issues arising can be properly tried, and in which all

contending and interested parties shall be served with notice so that the judgment rendered will constitute an adjudication of the rights of all interested parties to said funds. It is so ordered.

For the foregoing reasons, the order of court, from which the appeal has been taken, is hereby set aside and the cause remanded to the trial court with directions to proceed in accordance herewith.—Remanded, with directions.

STEVENS, FAVILLE, ALBERT, and DE GRAFF, JJ., concur.