C. VAN IPEREN, Executor, Relator, v. NORMAN R. HAYS, Judge, Respondent.

No. 42879.

March 5, 1935.

McCoy & McCoy and· H. E. deReus, for relator.

Vander Ploeg & Heer, Hal W. Byers, and C. C. Putnam, for respondent.

Parsons, J.—The facts in this case are that in September, 1934, Mrs. Jeanette Black filed a petition at law in the district court of Marion county, Iowa, to establish a claim for the recovery of a judgment against the estate of one Otto Van Iperen, by reason of an injury from an automobile driven by Van Iperen. The second count of the petition alleged the assignment to the plaintiff, Mrs. Black, by her brother-in-law of another like cause of action, and sought to recover upon the cause of action so assigned. Otto Van Iperen died a resident of Marion county, Iowa, and his estate was probated there. One C. Van Iperen, plaintiff herein, was appointed executor of the estate of Otto Van Iperen in the probate proceedings pending in Marion county, Iowa. A motion for change of place of trial was filed by defendant-executor, based on the thought that the action was brought to recover damages on a personal injury, and that the defendant, executor, was a resident of Mahaska county then, and is still a resident of Mahaska county, living about 30 miles from the town of Knoxville, the county seat of Marion county. The district court on the 24th of October, 1934, overruled the motion for change of venue, and plaintiff brings a proceeding in this court for a writ of certiorari.

This case presents the question as to whether or not, where an estate proceeding is pending in one county, and the administrator or executor is a resident of another county, an action may be maintained in the county in which the estate proceeding is pending to recover on a claim against the estate of the deceased, or must the action be brought in the county of the residence of the administrator or executor?

Tillman v. Bowman, 68 Iowa 450, 27 N. W. 377, was an action upon a certificate of deposit issued by a banking firm doing busi-

ness in Mississippi. John A. Kline was a member of the banking firm. He died, and the defendant Bowman had been appointed administrator upon his estate. The defendant demurred upon the ground that the district court in which the action was brought had not jurisdiction, for the reason that by the statutes the jurisdiction to adjudicate all claims against an estate like the one in question had been conferred upon the circuit court, and had been made exclusive. The defendants cited and relied upon section 2312 of the Code of 1873. The court said:

"The question presented is as to whether the mere adjudication of a claim against an estate is to be deemed a part of the settlement of the estate. In the opinion of the majority it is."

In Shropshire v. Long, 68 Iowa 537, 27 N. W. 737, the plaintiff was the administratrix of the estate of Jeremiah Long. The latter estate was probated in Mahaska county, and the suit in question was brought in the circuit court of Jasper county. Plaintiff claimed that she had been fraudulently induced to sign a receipt acknowledging payment of her claim filed in the Jeremiah Long estate; that this fraudulently procured receipt had been filed by the defendant as a voucher, and that upon the hearing her objection was overruled and the credit fraudulently and falsely taken by the defendant was allowed to stand; and set forth that the order did not constitute an adjudication against her because both she and the defendant were residents of Jasper county, and the court had no jurisdiction. She brought her action in equity in the Jasper county court and asked that the report filed in the circuit court of Mahaska county be set aside, and that she have judgment against the defendant for the amount of her claim of $1,000. The defendant demurred to the petition, and the demurrer was sustained. The court in passing on the matter pointed out that this was simply a suit against the administrator of the Mahaska estate; that if the receipt had been fraudulently procured it was her right to go into the circuit court of Mahaska county and obtain an order of payment, and that she might do so now, if not too late, and if she were not barred by the adjudication of Mahaska county court. The court further says:

"Now, as her claim remained against the estate notwithstanding the receipt, the defendant is liable only as administrator, and, that liability, involving nothing but the question of payment, can, we

think, be adjudged only in the forum of the administration. The question pertains to the settlement of the estate, and that court has exclusive jurisdiction."

The doctrine of these cases seems to depend upon the construction of section 2312 of the Code of 1873, which says:

"The circuit court of each county shall have original and exclusive jurisdiction * * * of the settlement of the estate of deceased persons." Section 10763 of the present Code is, in effect, the same. It says: "The district court of each county shall have original and exclusive jurisdiction to probate the wills of, and to grant administration upon the estates of, all persons who at the time of their death were residents of the county." And in section 10764 it says: "It shall have jurisdiction in all matters * * * and the management and disposition of the property of and settlement of such estates."

Sections 10761, 10762, and 10763 of the Code of 1931 were, in the Code of 1897, all included in section 225. The first part of section 225 of the Code of 1897 is found now in sections 10761 and 10762 of the Code of 1931. Sections 10763 and 10764 of the Code of 1931 were a part of section 225 of the Code of 1897, following immediately after that portion of section 225 now appearing in sections 10761 and 10762, reading in the Code of 1897 as follows:

"First. The district court of each county shall have original and exclusive jurisdiction to probate the wills of, and to grant administration upon the estates of, all persons who at the time of their death were residents of the county, and of non-residents of the state who die leaving property within the county subject to administration, or whose property is afterwards brought into the county.

"Second. To appoint guardians of the persons and property of all persons resident in the county subject to guardianship.

"Third. To appoint guardians of the property of all such persons non-residents of the state who have property within the county subject to guardianship, or whose property is afterwards brought into the county.

"Fourth. It shall have jurisdiction in all matters in relation to the appointment of executors and trustees, and the management and disposition of the property of and settlement of such estates:

provided that, where jurisdiction has heretofore been acquired, the same shall be retained until such estate is closed."

It will be observed that this part of the section of the Code of 1897 says, first, the district court of each county shall have original and exclusive jurisdiction, etc.; second, appoint guardians, etc., of all persons and property; third, provides for the appointment of guardians of non-residents who have property within the county; and, fourth, "it shall have jurisdiction in all matters in relation to the appointment of executors and trustees, and the management and disposition of the property of and settlement of such estates". What does the word "it" refer to in the fourth subdivision of section 225 of the Code of 1897? Clearly it refers to and only can refer, if the section is read carefully, to the district court of each county. Bearing in mind that the present Code is a compilation, that the word "Code" is a misnomer, we must go back to the Code of 1897 to get at the real meaning, and, with that end in view, the argument that was made in this case, as to section 10764, as controlling in this matter, must fall on the ground.

So our present statutes contain what section 2312 of the Code of 1873 contained, and hence the construction placed upon this statute in the two cases cited and commented on lays down the rule which is equally applicable here.

In Orcutt v. Hanson, 71 Iowa 514, on page 516, 32 N. W. 482, the court, after discussing two Iowa cases, says:

"Both of the cases just cited teach that, where a personal judgment cannot be rendered in a foreclosure proceeding, it is an action in rem."

Again this opinion says, beginning on page 516 of 71 Iowa:

"No personal judgment could have been rendered against the executrix, for the reason that no personal liability rested upon her. It is claimed that a judgment was authorized against her in her representative character as executrix. We need not inquire whether such a judgment may be regarded as personal, for the reason that, as we understand the law, the circuit court of Cedar county had no jurisdiction to render such a judgment. The claim for a judgment against the executrix was, in effect and in fact, a claim against the estate. Proceedings to enforce such claim are in the same sense against the estate. It is a proceeding pertaining to the settlement

of the estate, and must be prosecuted in the proper probate court which has exclusive jurisdiction of the estate."

These three cases appear to us to be binding and to settle the law of Iowa against the contentions of the defendant in this case.

We have given careful attention to the cases cited by the relator, and we see nothing which overrules the former cases as to the construction of the statutes under the Code of 1873, and nothing which ·shows us that the cited cases are not still controlling.

■ There is no contention in the case but that the plaintiff had the right to commence his action in the district court on the law side, or to file the claim in· the estate matter. It has been held in many cases in this state that the bringing of a suit on the claim is equivalent to filing in the probate proceedings, and dispenses with that. It seems to be not disputed in this case, but that the result of the judgment of the court would result merely in the establish· ment of the claim, so would the filing and allowance of the claim result in the establishment thereof. This being true, we cannot conceive of how the executor is in any different position, placed at any disadvantage, whether the suit be instituted on the law side of the court in which the administration is pending, or whether it be by the filing of a claim; in either it would be tried to a jury. Another thing to be borne in mind is that neither the suit nor the filing of the claim and establishing it through that proceeding results in any personal judgment against the executor. The judgment is simply an allowance of the claim against the estate. In our opinion, the proceeding pending is being administered in Marion county. Now another view of this matter is that whichever way it is attempted to establish the claim, whether by suit direct on the law side, or whether by filing in the estate proceedings, it is essentially a proceeding in the nature of an *in rem* proceeding, no personal judgment being asked, possible or obtainable against the executor, only the establishment of the right by the claimant or plaintiff to share in the property in the hands of the executor on final distribution, and to establish a claim against the estate. So that, if the estate, for instance, consists of land, and there is not enough personalty to pay the claim, the property may be followed into the hands of the parties to whom it goes.

The distinction between proceedings *in rem* and *in personam* are set out in 1 C. J. p. 1041, section 171, as follows:

"The classification of actions or proceedings as *in rem* or *in personam* is not according to the common law, but comes from the civil or Roman law, where the terms were always used in contradistinction to each other. While this classification is chiefly used in admiralty, it is also recognized and applied in other courts and with reference to other proceedings, and is important chiefly with regard to the character of process necessary, and with regard to the operation and effect of the judgment rendered. The terms as used in this connection are not readily susceptible of exact definition, but as indicated by the definitions above given, actions or proceedings *in rem* are directed against the thing or property itself, to establish the status or condition thereof, and procure a judgment which shall be binding and conclusive against the world. Actions and proceedings *in rem* have been said to comprise four different classes, and to apply not only to realty but to personal property, and to include actions or proceedings to establish a personal status or relation. While, properly speaking, actions or proceedings *in rem* are against the thing itself, and for the purpose of disposing thereof without reference to the title of particular claimants, the term has in a larger and broader sense been applied to certain actions and proceedings between parties, where the object is to reach and dispose of property owned by them or in which they have an interest; but as these are not strictly *in rem*, they have frequently and more properly been termed *quasi in rem*, or in the nature of actions or proceedings *in rem*."

In Dulin v. McCaw, 39 W. Va. 721–727, 20 S. E. 681, 683, the court says:

"Suits *in rem* are against the thing itself, and the relief sought is confined to the thing itself, and does not extend to the person. Suits *in personam* * * * are against a person; and the relief is sought against him, without reference to any specific property or thing."

In Gorham Co. v. United Engineering & Contracting Co., 202 N. Y. 342, 95 N. E. 805, the court says, on speaking of such proceedings, page 807:

"Such a proceeding, as its name implies, is prosecuted against a 'thing' instead of a person. The court acquires jurisdiction by possession of this subject-matter rather than by a recognized .and effective service of process on some person."

So in the case being discussed the executor-defendant is an officer of the Marion county district court. As such he has posses· sion of the assets of his decedent. Hence, such possession is the possession of the court. So whether the claim be filed in the estate proceeding, or a suit be brought on the law side of the court, it is not alone to recover judgment against the executor but to establish the right of the plaintiff or claimant to share in the property of the estate on distribution.

In Michigan Trust Co. v. Ferry (C. C. A.) 175 F. 667, at page 674, the court says:

"A proceeding in a probate court to administer upon the estate of a deceased person is a proceeding *in rem* and not *in personam.* The property of the estate within the jurisdiction of the court is the defendant, the executor or administrator is its representative, all claiming any interest in that property under the deceased are parties to the proceeding."

In Wilson v. Hartford Fire Ins. Co., 164 F. 817, 19 L. R. A. (N. S.) 553, the Circuit Court of Appeals of this circuit used the same language as is used in the case of Michigan Trust Co. v. Ferry, supra. So we think that the change of venue asked for from the Marion county district court was properly disallowed for the reason that under the statutes the jurisdiction of the estate is in Marion county, and for the further reason that the effect of the plaintiff's claim in the suit in Marion county would be but to establish a right and interest in the assets of the estate to satisfy the claim as established, and would not in any sense be a claim personal against the executor. Hence, this makes the proceeding under the authorities cited a proceeding *in rem*, and a change of venue could not properly be granted. Therefore, the writ is hereby annulled.

ANDERSON, C. J., and ALBERT, DONEGAN, RICHARDS, POWERS, HAMILTON, and KINTZINGER, JJ.. concur.