CHARLES H. STEWART et al., Appellants, v. NORMA STEWART, Appellee.

No. 45954.

JUNE 16, 1942.

F. J. Kennedy and W. M. Bale, both of Estherville, for appellants.

Wm. S. Johnston, of Estherville, for appellee.

SAGER, J.—On and prior to August 1, 1938, appellant Stewart and appellee were husband and wife, living in Emmet county. Before that date, appellant Stewart having become mentally incompetent, his wife was appointed his guardian by the Emmet county district court. Bale, appellant, is now his guardian, having succeeded one Reed who was appointed when the wife resigned. On the date above mentioned the Stewarts sold their home in Emmet county, and bought another in Dickinson county where they have since resided.

On January 2, 1939, appellant Stewart filed in the latter county a petition for divorce and was met by a cross-petition. A trial resulted in a decree in favor of the wife. The award of support money was continued to a later date, and on November 22, 1940, the wife made application for an allowance. After due notice an order was made by the district court of Dickinson county sitting in equity, directing and requiring Bale, guardian, to pay support money and attorney's fees.

This brief narrative omits many details but is sufficient to present the one question before us: Is a guardian, acting under the appointment of the district court of one county, subject to the orders of the court of another county sitting as a court of equity? The answer must be in the negative. Since the incompetent was a resident of Emmet county at the time his guardian was appointed, that county had jurisdiction over the subject matter. Section 10763 (2), 1939 Code. The Dickinson county district court sitting in equity had no jurisdiction to make such

an order as was attempted here. The Emmet county court had plenary jurisdiction of the guardianships in that county and such jurisdiction was coextensive with the state. Section 11825, 1939 Code. It requires no vivid imagination to visualize the confusion that could ensue if the district court of any county of the state might coerce guardians appointed in probate by the district court of another.

Appellee has not favored us with a brief. Appellants cite some of our opinions to the effect that an equity court is without jurisdiction in probate. We said in In re Guardianship of Buck, 140 Iowa 355, 357, 118 N. W. 530, 531:

"The district court, as a court of probate, had jurisdiction of the guardianship, and that court alone had authority to order the guardian to pay over the money in his hands."

Appellants cite Anderson v. Meier, 227 Iowa 38, 287 N. W. 250; In re Estate of Sweet, 224 Iowa 589, 277 N. W. 712; Van Iperen v. Hays, 219 Iowa 715, 259 N. W. 448; Coulter v. Petersen, 218 Iowa 512, 255 N. W. 684; Frazier v. Wood, 214 Iowa 237, 242 N. W. 78; Mollring v. Mollring, 184 Iowa 464, 167 N. W. 524; Niemand v. Seemann, 136 Iowa 713, 114 N. W. 48; Shropshire v. Long, 68 Iowa 537, 27 N. W. 737; Bates, Guardian, v. Dunham, 58 Iowa 308, 12 N. W. 309; Hutton v. Laws, 55 Iowa 710, 8 N. W. 642; McMeans v. Cameron, 51 Iowa 691, 49 N. W. 856.

We do not find it necessary to analyze any of these cases. They discuss general principles applicable to the jurisdiction of probate and equity courts generally. They likewise dispose of a point argued by appellant, to wit, that jurisdiction may not be conferred by consent where not given by statute. This needs no elaboration.

Finding, as we do, that the Dickinson county district court had no jurisdiction to make the order it assumed to make, its decree is reversed.—Reversed.

All JUSTICES concur.