LLOYD P. HULBURD, Appellant, v. IMO EBLEN, Administratrix of estate of FRANK EBLEN, and EBLEN CONSTRUCTION COMPANY, Appellees.

No. 47259.

(Reported in 33 N. W. 2d 825)

SEPTEMBER 24, 1948.

L. W. Powers and L. V. Gilchrist, both of Denison, for appellant.

Jones, Cambridge & Carl, of Atlantic, for appellees.

HALE, J.—The petition in this action asked for damages alleged to have been sustained by plaintiff as a result of a collision between an automobile driven by him and a semi-trailer truck owned and operated by Frank Eblen, now deceased,

who was doing business under the name of Eblen Construction Company. To plaintiff's petition defendant filed a special appearance. The collision occurred in Crawford county on March 27, 1947, resulting in injuries to plaintiff and his wife, and the death of his minor son.

Frank Eblen lived in Cass county. He died on June 26, 1947, and on July 5, 1947, Imo Eblen was appointed executrix of his estate. (She is named in the proceedings as administratrix, but no objection is made to her official designation.)

The petition was filed in Crawford county on September 9, 1947. On September 11, 1947, plaintiff filed a claim for damages incurred in the collision in probate proceedings in the Frank Eblen estate in Cass county district court. This filed claim says, in part:

"The claim will be liquidated and the exact amount due the claimant judicially determined in an action now pending in the district court of Crawford County, Iowa."

The special appearance alleges: (1) that the Crawford county court has no jurisdiction (a) for the reason that the action is against the personal representative of Frank Eblen, deceased, whose estate is being administered by the district court of Cass county, which county and which court has exclusive jurisdiction of the subject matter (b) that the action constitutes a claim against the estate of Frank Eblen, deceased, of which only the district court of Cass county has jurisdiction (c) that the defendant Eblen Construction Company was only a trade name under which Frank Eblen operated his business (about this proposition there is no dispute) (d) that this action was instituted after the opening of administration of the estate of Frank Eblen, deceased, in the Cass county district court, and the Crawford county district court has no legal means of acquiring jurisdiction of said estate (e) is, in substance, the same as the division designated "d" (f) that the court does not and cannot acquire jurisdiction of Imo Eblen as a personal representative of the Frank Eblen estate, and (g) that this is an action in rem against the estate of Frank Eblen of which Cass county district court has exclusive jurisdiction. The special appearance is supported by affidavits.

The district court sustained the special appearance and dismissed plaintiff's petition. Plaintiff appeals and assigns as error: (1) that the court erred in dismissing plaintiff's petition for lack of jurisdiction for the reason that under section 616.18, Code of 1946, actions arising out of injuries to a person or damages to a property caused by the operation of any motor vehicle may be brought in the county where the damage or injury is sustained (2) that the court erred in holding that the district court of Cass county had exclusive jurisdiction, and in holding that section 616.18, Code of 1946, did not authorize the Crawford county district court to determine the issues raised by plaintiff's petition (3) erred in holding that the issues raised involved either the granting of administration, the appointment of the executrix, or the management and disposition of property or settlement of estate, and in holding that the Cass county district court had exclusive jurisdiction to determine the issues raised by virtue of the provisions of sections 604.3 and 604.4, Code of 1946, and (4) that the court erred in dismissing plaintiff's petition for the reason that there is only one court in Iowa, the district court, and for the reason that under section 616.18, Code of 1946, the Crawford county district court had jurisdiction. Plaintiff argues these various assignments of error in one division.

I. Plaintiff's argument is based on section 616.18 of the Code. This is a section of the chapter entitled "Place of Bringing Actions" and refers to venue. The section does not relate to jurisdiction but only to the place in which the action may be tried. We should keep in mind the distinction between venue and jurisdiction. The definition of jurisdiction is made in Franklin v. Bonner, 201 Iowa 516, 518, 207 N. W. 778, 779, and was cited and quoted by the district judge in this case in his written opinion:

"Courts constitute the agency by which judicial authority is made operative. The element of sovereignty known as judicial is vested, under our system of government, in an independent department, and the power of a court and the various subjects over which each court shall have jurisdiction are prescribed by law. We are dealing here with a question of jurisdiction,

which may be defined as the power conferred upon a court to take cognizance of and to decide cases in law, equity, or special proceedings, and to carry its judgments and decrees into execution.

"In brief, jurisdiction is the lawful exercise of judicial authority, and involves two elements: (1) the subject-matter of the action or proceeding, and (2) the.parties thereto. Jurisdiction of the subject-matter is given to a court solely by the law. Consent cannot confer the right. Jurisdiction over the person is acquired by the service of process upon the defendant, as defined by law, or by his voluntary submission to the jurisdiction of the court. The object of process is to give a person notice that an action or proceeding has been commenced against him, and to afford him opportunity to contest the claim of the adverse party."

 In the written opinion of the district court in this case the distinction is thus clearly made:

"Jurisdiction, as contrasted with venue, refers to the power of a court to decide an issue on its merits, whereas venue refers to the place where the cause sued upon should be tried."

With this distinction in mind we may consider the statute relating to the probate court, being section 604.3, Code of 1946, as follows:

"The district court of each county shall have original and exclusive jurisdiction to:

"1. Probate the wills of, and to grant administration upon the estates of, all persons who at the time of their death were residents of the county, and of nonresidents of the state who die leaving property within the county subject to administration, or whose property is afterwards brought into the county.

"2. Appoint guardians of the persons and property of all persons resident in the county subject to guardianship.

"3. Appoint guardians of the property of all such persons nonresidents of the state who have property within the county subject to guardianship, or whose property is afterwards brought into the county."

Following is section 604.4, referring further to the jurisdiction of the district court in probate:

"It shall have jurisdiction in all matters in relation to the appointment of executors and trustees, and the management and disposition of the property of and settlement of such estates; provided that where jurisdiction has heretofore been acquired, the same shall be retained until such estate is closed."

■ These provisions refer to the jurisdiction of the district court sitting in probate, its powers and duties, and that such jurisdiction is exclusive. See In re Estate of Ferris, 234 Iowa 960, 972, 14 N. W. 2d 889, and cases cited.

Having the exclusive jurisdiction, under the statute, of the management and settlement of estates, the probate court necessarily has jurisdiction of the allowance of claims. Van Iperen v. Hays, 219 Iowa 715, 717, 259 N. W. 448, 449, citing and quoting Tillman v. Bowman, 68 Iowa 450, 27 N. W. 377, as follows:

" 'The question presented is as to whether the mere adjudication of a claim against an estate is to be deemed a part of the settlement of the estate. In the opinion of the majority it is.' " See cases cited.

It would follow, of necessity, that if the court of Cass county, of which county Eblen was a resident prior to his death, had exclusive jurisdiction of his estate, there could be no jurisdiction of such estate, its settlement, or allowance of claims in the probate court of Crawford county.

■ II. Section 616.18, Code of 1946, upon which plaintiff bases his claim to the right of trial in Crawford county, is as follows, so far as it pertains to this proceeding:

"Motor vehicle damage actions. Actions arising out of injuries to a person or damage to property caused by the operation of any motor vehicle may be brought in the county in which the defendant, or one of the defendants, is a resident or in the county in which the injury or damage is sustained."

As we have noted, this section refers only to venue—to the place of trial.

If Eblen had been living at the time of the institution of the suit doubtless this action could have been begun in Crawford county, but the death of Eblen after the injury occurred changed the situation. The concurrent jurisdiction of Crawford and Cass counties ceased to exist at his death. Frank Eblen after death was no longer a resident of Cass county, and when an administratrix was appointed the authority of the Cass county court intervened. The Cass county court had exclusive jurisdiction of his estate. The assets were in the control of the Cass county court, and the provisions of section 616.18 no longer applied. This case was not then pending in Crawford county, but all proceedings, including everything connected with the settlement of the estate and the allowance and payment of claims, were under the jurisdiction, as to subject matter, of the probate court of Cass county. The allowance and adjustment of claims were proceedings in rem. In re Estate of Ferris, supra, and cases cited.

So far as this proceeding is concerned, the action for damages in Crawford county was not filed until September, and probate proceedings were then pending in Cass county, the county of the deceased's former residence. It would be strange if, while administration was pending and claims were being filed and determined in an estate, one part of such probate proceedings would be permitted to be tried in another county. To permit such a division of authority would result in endless confusion and is contrary to the rule relating to priority of jurisdiction. See First Methodist Church v. Hull, 225 Iowa 306, 313, 280 N. W. 531, 534, wherein it is stated:

"It is the general rule of law that where a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues and no court of coordinate authority is at liberty to interfere with its action." See cases cited, and Peff v. Doolittle, 235 Iowa 443, 15 N. W. 2d 913. See 21 C. J. S., Courts, section 492; also, 15 C. J., Courts, section 583.

Probate proceedings could not be had in Crawford county, and they were already in progress in Cass county. As to the

question of priority, the Cass county probate court had, before the institution of the action in Crawford county, obtained priority as to any claims against the assets of the deceased.

III. But aside from the question of priority in time one of the elements incident to jurisdiction of a court is its power to execute its judgments and decrees, as pointed out by the trial court. Such a power did not exist as to the assets of the estate in the Crawford county district court. The district court of one county does not have a coercive power over fiduciaries appointed in probate by the district court of another. Stewart v. Stewart, 232 Iowa 41, 4 N. W. 2d 375.

It should also be remembered that this claim or demand of the plaintiff is not a personal claim. The person charged with the liability, if any, for the collision, is dead. Any claim for damages must be against the assets of his estate. It is an action in rem. Such an action is tried, and the jurisdiction of the action is as to the property involved, which in this case consists of the assets of the estate; and the jurisdiction of matters connected with the settlement of the estate is, by statute, exclusively in the Cass county court. In an action in rem there can be no recovery beyond that which can be recovered from the property itself. All that could be recovered, either through an action at law or allowance of claim, could not be in any amount beyond that which could be recovered from the assets of the estate.

Plaintiff cites our holding in Federal Land Bank v. Ditto, 227 Iowa 475, 288 N. W. 618, but that was a foreclosure proceeding in which the venue was fixed by statute and was mandatory and an action in rem with exclusive jurisdiction within the county where the land was situated. Decedent was the title-holder. Foreclosure could not have been brought in the county where probate proceedings were pending, and of course no personal judgment was or could be rendered in that case, but merely a claim established. The primary object was the foreclosure. That case is not applicable here.

We are satisfied that there is no jurisdiction in this action in the district court of Crawford county; that section 616.18, Code of 1946, does not confer such jurisdiction but the action

against the estate is in the exclusive jurisdiction of the Cass county court. The ruling of the district court was correct and the cause is affirmed.—Affirmed.

All JUSTICES concur.